IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MARIE ROMANIAK,** | ) | **CASE NO: 1:20-CV-02773** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE: PAMELA A. BARKER** |
| | ) | |
| **vs.** | ) | |
| | ) | **MAGISTRATE JUDGE:** |
| **ESURANCE PROPERTY AND** | ) | **WILLIAM H. BAUGHMAN, JR.** |
| **CASUALTY INSURANCE** | ) | |
| **COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made by and between the Named Class Plaintiff, Marie Romaniak, on behalf of herself and on behalf of all others similarly situated ("Plaintiff"), and Defendant, Esurance Property and Casualty Insurance Company ("Defendant" or "Esurance," as defined below), by and through their respective counsel.

## RECITALS

WHEREAS, Plaintiff filed a Class Action Complaint, which is now pending in the United States District Court for the Northern District of Ohio (the "Court"), entitled *Romaniak v. Esurance Prop. and Cas. Co.*, Case No. 1:20-CV-02773 (the

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

"Action"), which, through this Settlement, will be accepted as a certified class action, but for settlement purposes only, on behalf of the Settlement Class; and

WHEREAS, Plaintiff alleges she is or was an insured and first-party total loss claimant with respect to vehicles insured by a private passenger auto policy issued by Esurance (the "Policy"); and

WHEREAS, Plaintiff alleges that Vehicle Sales Tax must be paid in connection with a total loss settlement because, among other things, it is allegedly inherently included within the actual cash value ("ACV") of the vehicle, and that Esurance wrongfully failed to pay Vehicle Sales Tax in connection with total loss valuations and payments in the State of Ohio.

WHEREAS, the Action alleges, generally, that Esurance acted wrongfully by failing to pay the full ACV to Plaintiff and the putative class because the Total Loss Payments (as defined below) did not include Vehicle Sales Tax; and

WHEREAS, Esurance has defended and intends to vigorously contest each and every claim in the Action, denies all material allegations of the Action, as to which Esurance asserts it has numerous merits and class defenses, and further maintains that it has consistently acted in accordance with governing laws at all times; and

WHEREAS, Plaintiff, through counsel, while believing that the claims asserted in the Action have substantial merit, examined the benefits to be obtained

2

under the terms of the Proposed Settlement (as defined below), considered the risks associated with the continued prosecution and possible appeal of this complex and time-consuming litigation, and the likelihood of success on the merits of the Action, and believes that, in consideration of all the circumstances, the Proposed Settlement (as defined below) embodied in this Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members; and

WHEREAS, Esurance, while denying wrongdoing of any kind whatsoever, and without admitting liability, nevertheless agreed to enter into this Agreement to avoid further expense, inconvenience and the distraction of burdensome and protracted litigation, and to be completely free of any further controversy with respect to the claims which were asserted in the Action;

NOW, THEREFORE, IT IS HEREBY AGREED by and between the Parties, through their respective counsel, that the Action be settled and compromised as between the Plaintiff, the Settlement Class, and Esurance upon approval of the Court after hearing as provided for in this Agreement, on the following terms and conditions:

## I.    DEFINITIONS

In addition to the foregoing, the following terms shall have the meanings set forth below:

3

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

1.      "Agreement" means this Settlement Agreement, including all exhibits thereto.

2.      "Esurance" means Esurance Property and Casualty Insurance Company and Esurance Insurance Company, and any of their past, present or future subsidiaries, controlled, affiliated, related and/or parent corporations, business entities or divisions, and/or any other successors, assigns or legal representatives thereof.

3.      "Claim Form" means the document that Settlement Class Members must submit, as set forth in and subject to the provisions of this Agreement, to potentially obtain benefits from the Settlement.  "Claim Period" means the period commencing on the Initial Notice Date and continuing until 15 days after the date of the Final Settlement Hearing.

4.      "Claims Administrator" means the firm approved by the Court to administer all aspects of the Settlement.  The Parties agree to jointly recommend to the Court that Epiq Systems, Inc. be appointed as the Claims Administrator.

5.      "Class Counsel" means:

SHAMIS & GENTILE, P.A.
Andrew Shamis, Esq.
14 N.E 1st Ave Ste. 705
Miami, FL 33132

Amy L. Judkins
NORMAND PLLC
3165 McCrory Place, Suite 175

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

P.O. Box 140036
Orlando, FL 32803

Christopher C. Gold
EDELSBERG LAW, P.A.
20900 NE 30th Avenue, Suite 417
Aventura, FL 33180

Kevin C. Hulick
Stuart E. Scott
SPANGENBERG, SHIBLEY & LIBER LLP
1001 Lakeside Avenue, E., Suite 1700
Cleveland, OH 44114

6.    "Class Notice" means the notice of the preliminarily approved

settlement, to be sent to all Settlement Class Members.  A copy of the proposed

Class Notice, which will include a postcard Mail Notice with a detachable claim

form, prefilled, with prepaid postage (in the form attached as Exhibit B), an Email

Notice (in the form attached as Exhibit C) to be sent by email, and a Long Form

Notice (in the form attached as Exhibit D) to be on an informational settlement

website.

7.    "Class Period" means the period commencing December 16, 2012

through the date of the Preliminary Approval Order.

8.    "Court" means the United States District Court for the Northern

District of Ohio.

9.    "Covered Total Loss Claim" means any first-party private passenger

auto property damage claim determined by Esurance to be a Total Loss to an

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

insured automobile that (a) occurred within the Class Period, (b) whose claims were adjusted by Esurance as a total-loss claim, (c) was determined by Esurance or by a court or arbitrator of competent jurisdiction to be covered by an Automobile Insurance Policy issued by Esurance, and (d) resulted in a Total Loss Claim Payment.

10.    "Effective Date" means the 30th day after the entry of the "Final Judgment" as defined herein, as long as no appeals are filed.  If any appeals of such Final Judgment are filed the Effective Date will occur when the judgment has been affirmed and/or is beyond appeal.

11.    "Final Judgment" means the Court's Final Approval Order and Final Judgment, that finally approves the Settlement and dismisses the Action with prejudice with respect to the Class Claims, which shall be substantially in the form attached as Exhibit E to this Agreement, without material alteration, except that Class Counsel may add substantive support and case law subject to the agreement of the parties, as further provided in Section X below.

12.    "Final Settlement Hearing" means the settlement approval hearing to be conducted by the Court in connection with the determination of the fairness, adequacy, and reasonableness of this Agreement, in accordance with the applicable Federal Rules of Civil Procedure.

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

13.    "Initial Notice Date" means the date upon which the Class Notice is first mailed to Class Members pursuant to this Agreement, as further described below.

14.    "Insureds," as used in the Settlement Class definition, will include all insureds with leased or owned vehicles.

15.    "Legally Authorized Representative" means an administrator/ administratrix, personal representative, or executor/executrix of a deceased Settlement Class Member's estate; a guardian, conservator, or next friend of an incapacitated Settlement Class Member; or any other legally appointed Person or entity responsible for handling the business affairs of a Settlement Class Member.

16.    "Named Plaintiff" means Marie Romaniak.

17.    "Opt-Out Period" means the time period during which Settlement Class Members are permitted to exclude themselves from the Settlement Class, as set forth in Section XII.

18.    "Parties" means the Settlement Class Members, including the Named Plaintiffs, and Esurance.

19.    "Person" means any natural person, individual, corporation, association, partnership, trust, or any other type of legal entity.

20.    "Preliminary Approval Order" means the order that preliminarily approves the Proposed Settlement, which shall be in the form attached as Exhibit F

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

to this Agreement, without material alteration, as further provided in Section III below.

21.     "Proposed Settlement" means the terms agreed to by the Parties as set forth in this Agreement, prior to final approval of the Settlement.

22.     "Release" means those Releases set forth in Section XIV, which all Settlement Class Members who do not choose to exclude themselves from this Settlement will be deemed to have executed upon the finality of this Settlement.

23.     "Released Claims" means and includes any and all known and unknown claims, rights, demands, allegations, actions, suits or causes of action of whatever kind or nature, whether *ex contractu* or *ex delicto*, debts, liens, liabilities, agreements, interests, costs, expenses, attorneys' fees, losses or damages (whether actual, consequential or treble) statutory, common law or equitable, including but not limited to breach of contract, bad faith or extra-contractual claims, and claims for punitive or exemplary damages, or prejudgment or postjudgment interest, arising from or relating in any way to Esurance's alleged failure to pay any or sufficient Vehicle Sales Tax to Plaintiff and all Settlement Class Members with respect to any Settlement Class Member Claims for a total loss vehicle during the Class Period under an automobile insurance policy issued by Esurance based on any legal theory whatsoever relating to payment of Vehicle Sales Tax to the fullest extent of the law and res judicata and/or claim preclusion protections.  Released

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

Claims do not include any claim for enforcement of the contemplated Settlement Agreement and/or Final Order and Judgment. Released Claims also do not include any claims, actions, or causes of action alleging that Esurance failed to properly calculate the value of total loss vehicles except to the extent that such claims, actions, or causes of action relate to failure to pay any or sufficient Vehicle Sales Tax.

24. "Released Persons" means Esurance, as defined above, and any of its parents, subsidiaries, affiliates, past, present or future officers, stockholders, attorneys, insurers, reinsurers, excess insurers, directors, agents, employees and/or independent contractors, and/or any other successors, assigns, divisions, or legal representatives thereof, and on behalf of any other Person or entity who or which might be liable on the basis of any conduct by any of the foregoing.

25. "Releasing Parties" means the Named Plaintiff and the Settlement Class Members who do not otherwise timely opt-out of the Settlement Class, and their heirs, predecessors, successors, assigns, family members, personal representatives, attorneys, officers, stockholders, shareholders, principals, owners, agents, fiduciaries, spouses, children, dependents, parents, creditors, judgment creditors, representatives, employees, employers, executors, administrators, conservators, receivers, subrogees, trusts, trustees, members, servants, independent contractors, lessors, lessees, executors, administrators, insurers,

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

reinsurers, underwriters, directors and/or past, present and/or future parent, subsidiaries and/or affiliated corporations, partnerships and/or other entities, and on behalf of any other Person or entity who or which could or might assert any claim under or through any of the foregoing.

26.    "Settlement" means the terms and conditions of the Agreement reached by the Parties.

27.    "Settlement Class" means the class defined in Section II below.

28.    "Settlement Class Members" means those Persons as defined in Section II below.  Any person who submits a valid and timely written request to be excluded from the Settlement Class shall not be a Settlement Class Member.

29.    The "Settlement Class Member Claims" means any first-party private passenger auto physical damage claim under an Ohio policy issued by Esurance with a total loss during the period December 16, 2012 through the date of Preliminary Approval, that was adjusted by Esurance as a total loss claim, that resulted in payment by Esurance of a covered claim, and for which Vehicle Sales Tax was not paid as part of the claim payment.

30.    "Settlement Class Payment" means the payments to Settlement Class Members described in Section VI below.

31.    "Total Loss Payment" means the payment issued by Esurance on a Total Loss.

10

32.    "Unknown Claims" means any unknown Released Claims arising out of facts found hereafter to be other than or different from the facts now believed to be true and relating to Vehicle Sales Tax to the full extent permitted by law and to the full extent of *res judicata* and/or claim preclusion protection.

33.    "Vehicle Sales Tax" means the sales tax under Ohio law at issue in this Action.

## II.    THE SETTLEMENT CLASS

34.    The "Settlement Class" means all Insureds, under any Ohio automobile insurance policy issued by Esurance and its subsidiaries or related insurance companies with the same operative policy language covering a vehicle with auto physical damage coverage for comprehensive or collision loss where such vehicle was declared a total loss, who made a first-party claim for total loss, and whose claim was adjusted as a total loss, within the eight year time period prior to the date on which this lawsuit was filed until the date of any class certification Preliminary Approval Order and who are mailed the Class Notice and who do not timely opt out from the Settlement Class (the "Settlement Class Members").  Excluded from the Settlement Class are (1) Esurance, all present or former officers and/or directors of Esurance, the Settlement Administrator, the Mediator, the Neutral Evaluator, Class Counsel, and any Judge of this Court; (2) Individuals with claims for which Esurance received a valid and executed release;

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

(3) Individuals who are not on the Notice list and who did not submit a valid Claim Form or Electronic Claim Form for payment under this Settlement Agreement; (4) Individuals who request exclusion from the Class; and (5) Individuals whose claims for first-party property damage as to which the individual process of appraisal or arbitration or a lawsuit has been completed or initiated at the time this Settlement Agreement is filed.

## III.   PRELIMINARY CLASS CERTIFICATION

35.   Upon execution of this Agreement, the Parties shall submit this Agreement to the Court and request the Court to enter a Preliminary Approval Order, preliminarily approving the Proposed Settlement, which shall be substantially in the form set forth in Exhibit F.

36.   For purposes of this Settlement only, the Parties stipulate and agree to the certification of the Settlement Class defined in this Agreement and that: (i) the proposed Settlement Class meets the requirements of Fed. R. Civ. P. 23(a) and (b)(3); (ii) the proposed Class Notice is the best and most practicable under the circumstances, and satisfies the requirements of Fed. R. Civ. P. 23 and Due Process; and (iii) the terms of the Settlement are fair, reasonable and adequate.  For purposes of the Settlement, the Named Plaintiff is agreed upon as a suitable Class Representative.

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

37.     Preliminary certification of the Settlement Class and appointment of the Settlement Class Representative and Class Counsel by the Court shall be binding only with respect to the Settlement of the Action.  In the event this Agreement is terminated pursuant to its terms, or a Final Judgment approving the Settlement for any reason does not occur, the certification of the Settlement Class shall be nullified, and the Action shall proceed as though the Settlement Class had never been certified, without prejudice to the Court's consideration, on the merits, of any properly submitted Motion for Class Certification.  The Named Plaintiff and Class Counsel agree that neither this Agreement, nor any pleading or other paper related in any way to this Agreement, nor any act or communication in the course of negotiating, implementing or seeking approval of this Agreement, shall be deemed an admission by the Named Plaintiff, Class Counsel, or Esurance of any matter related in any manner thereto, or by Esurance that certification of any class is appropriate in this Action or any other litigation, or otherwise shall preclude Esurance from opposing or asserting any argument it may have with respect to certification of a class in this Action or any other matter.

38.     Upon the Preliminary Approval of this Proposed Settlement by the Court, as evidenced by entry of the Preliminary Approval Order, all proceedings in the Action shall be stayed until further order of the Court, except such proceedings as may be necessary either to implement the Proposed Settlement or to comply

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

with or effectuate the terms of this Agreement.  Additionally, any other litigation against Esurance of Released Claims shall be stayed or enjoined by the Court.

## IV.   CLASS NOTICE, COSTS OF CLASS NOTICE, AND ADMINISTRATION OF SETTLEMENT

39.   The Parties agree to recommend to the Court Epiq Systems, Inc. as Claims Administrator, which entity will be designated as the "Claims Administrator."  The duties of the Claims Administrator shall include, but are not limited to (i) oversee the provision of Notice to the Class; (ii) oversee identification of addresses for any returned mail, and remaining notice; (iii) process Claim Forms; (iv) contact Settlement Class Members, if any, whose Claims Forms are deficient to attempt to obtain a cured form; (v) process any cured Claim Forms; (vi) send all Claim Forms to Esurance for challenge or payment and to Class Counsel; (vi) forward inquiries and questions to Class Counsel;  (vii) provide a certification to the Court regarding the administration and processing of claims and, in the event that the Claims Administrator issues checks, the issuance of the payments to the Claimants as set forth herein; and (viii) establish and maintain a settlement website and call center.  The Claims Administrator shall be paid by Esurance for services rendered pursuant to this Agreement.

40.   Notice of the pendency of the Action and of the Settlement shall be made by the Class Notice, which will be sent by the Claims Administrator.

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

41.     Within 30 days after the entry of the Preliminary Approval Order,
Esurance shall make a reasonable search of its computer/electronic databases and
provide the Claims Administrator with the name and current or last-known address
and email address of each potential Settlement Class Member and the date of loss.

42.     Within 60 days of the entry of the Preliminary Approval Order, the
Claims Administrator shall initiate mailing of the postcard Class Notice and Claim
Form, which will be in the form set forth in Exhibits A and B, for each Settlement
Class Member Claim (if a Settlement Class Member has more than one claim, the
Settlement Class Member will receive a Claim Form for each claim showing the
date of loss) by first-class mail to each potential Settlement Class Member. The
Claim Form will be detachable and return-addressed, and shall be affixed with
prepaid postage sufficient to mail back to the Claims Administrator.  The Claim
Form shall be pre-filled in the manner and method shown in the agreed Class
Notice, and will require the Settlement Class Member to affirm, under oath, the
good faith belief that the information on the Claim Form is true and correct and
that the Class Member believes he or she is entitled to the relief requested on the
Claim Form and has not previously been paid Vehicle Sales Tax on the relevant
total loss claim by Esurance.  The Class Notice shall be sent only to Settlement
Class Members, not to any of their attorneys, whether known or unknown, in
connection with their original claim to Esurance or otherwise.

15

43.    Prior to mailing the Notice which must be mailed, the Claims Administrator shall run the physical mailing addresses through the National Change of Address Database ("NCOA") to attempt to obtain a more current name and/or physical mailing address for each potential Settlement Class Member.

44.    At a date and time suggested by the Settlement Administrator, after the mailing of the Mail Notice, the Claims Administrator shall initiate a separate Email Class Notice (which notice is in addition to the postcard Class Notice Notice), which will be in the form set forth as Exhibit C.

45.    The Email Class Notice shall have a hyperlink to an informational website, which provides access to a "Make A Claim" button permitting a Class Member to access a pre-filled electronic Claim Form in the form attached hereto as part of Exhibit A.  The parties agree that the website will be http://www.ohioautolosstaxsettlement.com/, or a website mutually agreed in writing by the parties.

46.    If any e-mail is rejected, returned as undelivered, or the Claims Administrator otherwise receives notice of a failure to transmit, the Claims Administrator will send a second postcard Mail Notice to the Settlement Class Member.

47.    The Claims Administrator shall utilize best practices designed to avoid spam filters, blockers, or any tool designed to prevent receipt of e-mails, and

16

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

to otherwise design and implement the sending of the e-mail to increase the chance that the E-Mail Notice will be successfully received into the inbox of Settlement Class Members.  All E-Mail Notices must include the capability to click-through to the website to make a claim.

48.    At a date and time recommended by the Settlement Administrator, a second reminder email notice, which will have the same format as Exhibit C except that it will not include a link to the claim form, will be sent to each Settlement Class Member.

49.    Prior to the Class Notice mailing and emailing, the Claims Administrator will create an informational website. The website will provide the Settlement Agreement, Mail Notice, Longform Notice, Claim Form, Preliminary Approval Order, and frequently asked questions.

50.    The home page of the website shall reflect the case settlement and shall have a "Make A Claim" button permitting a Class Member to access a pre-filled Electronic Claim Form by providing a Claimant ID Number, with a method to submit the Electronic Claim Form with an electronic signature, and a method to request that another copy of the paper Claim Form be mailed or emailed to the Settlement Class Member.

51.    The website shall provide that a Settlement Class Member may submit a Claim Form without a Claimant ID Number by completing online a Blank Claim

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

Form by entering the Settlement Class Member name, policy number or claim number, and address, and by signing and submitting the Blank Claim Form electronically.  A copy of the proposed Blank Claim Form is attached hereto as Exhibit G.

52.    If any Notice and/or Claim Form mailed to any potential Settlement Class Member is returned to the Claims Administrator as undeliverable, the Claims Administrator will promptly log each Notice and/or Claim Form that is returned as undeliverable and provide copies of the log to Esurance and Class Counsel upon request. If the mailing is returned to the Claims Administrator with a forwarding address, the Claims Administrator shall forward the mailing to that address. For the remaining returned mailings, the Claims Administrator will use reasonable efforts, including potentially an Experian search or skip tracing, to attempt to obtain a new address and those mailings shall be forwarded to any new address obtained through such a search. If any Notice is returned as undeliverable a second time, no further mailing shall be required. It is agreed by the Parties that the procedures set forth in the preceding Paragraph and this Paragraph constitute reasonable and the best practicable notice under the circumstances and an appropriate and sufficient effort to locate current addresses for Settlement Class Members such that no additional efforts to do so shall be required.

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

53.     The Parties agree that a Longform Notice, without material alteration from Exhibit D, shall be posted to the website, and will be available upon request to Settlement Class Members.

54.     The Notice and Claim Form will also be made available to all potential Settlement Class Members by request to the Claims Administrator, who shall send via first-class U.S. mail any of these documents as requested by any potential Settlement Class Member. If a Claimant ID Number is not available to the Claims Administrator for the potential Settlement Class Member, the Claims Administrator shall provide a Blank Claim Form to the requester with instruction that the Blank Claim Form must be mailed to the Claims Administrator postmarked by the Claims Submission Deadline with the Settlement Class Member name, policy number or claim number, address, and signature.  A copy of the proposed Blank Claim Form is attached as Exhibit G.

55.     The Claims Administrator shall retain a record of all such Class Notice procedures and provide periodic updates to the Parties during the Class Notice period.

56.     The Claims Administrator shall maintain a toll-free IVR telephone system containing recorded answers to frequently asked questions and information with respect to how a Class Member may receive further assistance, along with an option permitting callers to punch request to reach a live operator.  The recorded

19

answers to frequently asked questions are to be agreed to by the Parties.  The live operator(s) staffing the call center shall be able to answer Settlement Class Members' questions using an agreed upon script and further take name, address, and/or other relevant information to send out Class Notices.

57.    The Claims Administrator shall rent a post office box to be used for receiving requests for exclusion, objections, notices of intention to appear, and any other settlement-related communications. Only the Claims Administrator, the Court, the Clerk of the Court, and their designated agents shall have access to this post office box, except as otherwise expressly provided in this Agreement.

58.    Neither Esurance, nor Plaintiff, nor any of the Released Persons, nor any of the Releasing Parties, nor any of their counsel, shall be liable for any act, or failure to act, of the Claims Administrator.

## V.    CLAIMS PROCEDURE

59.    To be eligible for payment under this Settlement, a Settlement Class Member or his or her Legally Authorized Representative must timely submit a valid Claim Form and must not have submitted a request for exclusion.

60.    Settlement Class Members will be deemed Settlement Class Members unless they timely submit a written request for exclusion from the Settlement Class, postmarked no later than 30 days prior to the Final Settlement Hearing.

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

61.    To receive payment, a Settlement Class Member must submit a fully completed and signed Claim Form, postmarked or submitted online no later than the end of the Claim Period as listed in the Class Notice.  The Claim Form shall require, at a minimum, that the Settlement Class Member affirm, under oath, the good faith belief that the information on the Claim Form is true and correct and that the Class Member believes he or she is entitled to the relief requested on the Claim Form and that he or she has not previously received a full Vehicle Sales Tax payment from Esurance on the relevant total loss claim (subject to verification by Esurance).  If Esurance made a previous payment toward the Vehicle Sales Tax amount on a total loss claim, Esurance will only owe the difference between the full Vehicle Sales Tax and the previous payment.

62.    The Claims Administrator will promptly notify a Settlement Class Member if it deems that Person's Claim Form materially incomplete or deficient, and specify any additional information that must be submitted.  Notification shall be by first-class mail unless the Settlement Class Member specifies another mode of notification.  Such Settlement Class Members shall have 14 days from the date the notification is mailed, or until the expiration of the Claim Period, whichever is longer, to submit the requested information.

63.    Settlement Class Payments shall be made on valid claims no later than 90 days after the close of the Claim Period.

21

## VI.  CALCULATION OF PAYMENT AND ESURANCE'S MONETARY AND NON-MONETARY OBLIGATIONS UNDER THE SETTLEMENT.

64.    The calculation and implementation of allocations of the Settlement Fund contemplated by this section shall be done by Class Counsel and Esurance for the purpose of compensating Settlement Class Members. The methodology provided for herein will be applied to the data as consistently, sensibly, and conscientiously as reasonably possible, recognizing and taking into consideration the nature and completeness of the data and the purpose of the computations.

65.    The Parties have agreed that Esurance shall pay Settlement Class Members Vehicle Sales Tax at the applicable tax rate at the garage location, as reflected in Esurance's records.

66.    Insureds, as used in the Settlement Class definition, will include all insureds with leased or owned vehicles in the Settlement Class.

67.    As soon as practicable, but no later than 75 days from the Effective Date, Esurance shall send the Settlement Fund to the Settlement Administrator necessary to pay the full amount of the Settlement Class Member Payments.

68.    All Settlement Class Members who submit completed Claim Forms by the Claims Deadline will be entitled to a payment and shall automatically receive their payment by check issued by the Settlement Administrator within 105

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

calendar days following the Claims Deadline, assuming no appeals from the Final Judgment.

69.    In the event of any complications arising in connection with the issuance or cashing of a check, other than the Settlement Class Member's failure to timely deposit or cash the check, the Settlement Administrator shall provide written notice to Class Counsel and Esurance's Counsel. Absent specific instructions from Class Counsel and Esurance's Counsel, the Settlement Administrator shall proceed to resolve the dispute using its best practices and procedures to ensure that the funds are fairly and properly distributed to the Settlement Class Member entitled to the Settlement Class Member Payment.

70.    For any returned checks, the Settlement Administrator shall make a reasonable effort to locate a current mailing address for the Settlement Class Members whose checks were returned (such as by running addresses of returned checks through the NCOA database to effectuate delivery of such checks. For any such recipients for whom updated addresses are found, the Settlement Administrator shall make a single additional attempt to re-mail or re-issue a Settlement Class Member Payment to the updated address.

71.    The check shall be valid for 180 days after the date of the check.  No *cy pres* fund will be created, so any unclaimed checks revert to Esurance after the applicable time period for cashing of such checks.

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

72. To be potentially eligible for the Vehicle Sales Tax payments, a Settlement Class Member must have: (a) received a Total Loss Payment; and (b) submitted a timely and signed Claim Form.

73. The Parties acknowledge and agree that this Agreement does not and shall not constitute an admission by Esurance that its payment or nonpayment of Vehicle Sales Tax on any individual claim or on any of the Settlement Class Members' claims was incorrect or improper.

74. The Settlement Class Payments set forth in this Section shall be the only payments to which any Settlement Class Member will be entitled.

75. The Settlement and Release contained therein shall be effective upon the finality of the Settlement, except that claims for non-payment of amounts due under this Settlement Agreement are not released until payments are made.

76. Esurance's liability under this Settlement shall be limited to: (a) paying the Settlement Class Payments to Eligible Settlement Class Members; (b) paying the costs of Class Notice and settlement administration, including the fees and costs of the Claims Administrator; (c) paying any attorneys' fee award awarded by the Court up to $575,000.00, as set forth below; (d) paying all mediation costs; and (e) paying any Class Representative award to the Named Plaintiff awarded by the Court up to $5,000.00, as set forth below. In no event

24

shall Esurance be liable under this Settlement to pay any additional amounts than those set forth above.

77.  <u>Non-Monetary Consideration</u>: As part of the Settlement, the next business day following the signing of the Settlement Agreement:

A.  Esurance agrees to pay applicable Vehicle Sales Tax on total loss vehicles at the time of loss based on the Adjusted Vehicle Value of the loss vehicle, without requiring the policyholder to provide proof that the policyholder purchased a replacement vehicle and without regard to whether the loss vehicle is leased or owned.

B.  Esurance reserves the right to change its practices in the event of a change in Ohio law, a change in the State of Ohio's fees charged incidental to the transfer of ownership of motor vehicles titled and/or registered in Ohio, and/or appropriate changes in the terms of the applicable Esurance insurance policies.

## VII.    COMMUNICATIONS WITH THE CLASS

78.    The Class Notice shall list Class Counsel's address and telephone number.  Communications relating to the Action or this Settlement with Persons receiving Class Notices and Settlement Class Members shall be handled through Class Counsel, and/or the Claims Administrator, as necessary.  Nothing in this Agreement shall be construed to prevent Esurance, its employees, attorneys, agents

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

or representatives from communicating with Settlement Class Members in the normal course of its business operations, from submitting notices or other documents relating to this Agreement directly to Settlement Class Members and/or from continuing to adjust and resolve pending or future claims, even if they otherwise fall within the scope of this Agreement, before this Agreement is finally approved.

79.    Neither Esurance nor Class Counsel shall be responsible in any way for any attorneys' lien submitted by any prior counsel for any of the Settlement Class Members, nor shall any attorneys' lien be created by any of the efforts by the Parties to effectuate any of the terms of this Agreement, and this provision shall be incorporated into the Final Judgment.

## VIII.    CLASS COUNSEL'S FEES AND COSTS AND CLASS REPRESENTATIVE FEES

80.    No compensation for Class Counsel has been negotiated as part of this Settlement until all material terms were agreed upon.  The Parties recognize that Class Counsel are entitled to seek an award of attorneys' fees and expenses for the work performed and the results obtained for the Class in the Action.  Class Counsel intends to seek Court approval for a fee award not to exceed $575,000.00, to be paid 10 days after the Effective Date.  Esurance shall not oppose, either directly or indirectly, an attorneys' fee request that does not exceed this amount (with the exception that Esurance has agreed to pay all mediation costs).  Under no

26

circumstances will Esurance be obligated to pay any costs or sums in excess of $575,000.00 for attorneys' fees and the costs of mediation. The attorneys' fees and costs are separate from and not included in the payments to the Settlement Class and payments to the Class Representative, and are separate from and not included in the payments for class and claims administration. Class Counsel further agree that, to the extent a lesser amount of fees is awarded by the Court or any appellate court, it will not provide a basis for Class Counsel to terminate this Agreement. Class Counsel further agree that unless an award of a lesser amount of attorneys' fees is overturned on appeal, Class Counsel will accept the lesser amount of fees and costs.

81.    Additionally, the Parties agree that Class Counsel will request a Class Representative Service Award to the Named Plaintiff in the amount of $5,0000.00, in recognition of the risk and effort undertaken in prosecuting this case, to be paid by Esurance within 10 days of the Effective Date, which Esurance will not oppose.

## IX.    CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION OF AGREEMENT

82.    The Named Plaintiff, Settlement Class Members and Esurance consent to the entry of a Final Judgment substantially in the form attached as Exhibit E, without material alteration to the terms, with the understanding that the

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

parties may include additional case law to support a final approval of the Settlement Agreement.

83.    If the Court disapproves this Agreement, or if the Court enters the Final Judgment but it is reversed or vacated on appeal, this Agreement shall be null and void and of no force and effect.  If the Court materially modifies any provision of the Agreement or proposed Final Judgment, or if either is materially modified on appeal or remanded to the Court for modification, or if any of the terms of this Agreement is impaired in any material way, then Esurance shall have the option of terminating this Agreement and withdrawing its consent to the entry of the Final Judgment, in which case this Agreement shall be null and void and of no force and effect, and the Parties will return to their respective positions in the litigation prior to the filing of the Motion for Preliminary Approval Order.  Esurance shall have 15 days from the event triggering its option to inform Class Counsel that it is exercising its option of terminating this Agreement.

84.    If the Court does not finally approve the Settlement, all obligations of Esurance under this Agreement terminate, including but not limited to any obligation to pay attorneys' fees, and the Parties will return to their respective positions in the litigation prior to the filing of the Motion for Preliminary Approval Order.  Additionally, the Parties agree that neither this Agreement, nor any pleading or other paper related in any way to this Agreement, nor any act or

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

communication in the course of negotiating, implementing or seeking approval of this Agreement, shall be deemed an admission by Esurance that certification as a class is appropriate in any other litigation, or otherwise shall preclude Esurance from opposing or asserting any argument it may have with respect to certification of a class in this Action if the Settlement is not consummated.

85.     Esurance, in its sole discretion, may elect to terminate this Agreement if more than twenty percent (20%) of potential Class Members object to and/or Opt-Out of this Settlement or if the Named Plaintiff or any Settlement Class Member with an attorney client relationship to Class Counsel or their firms, opts out, excludes himself or herself from, or objects to the Settlement Class or this Settlement.  Esurance must exercise this right within 45 calendar days of the last day of the Opt-Out Period.  In the event of a termination pursuant to this paragraph, the Parties will return to their respective positions in the litigation prior to the filing of the Motion for Preliminary Approval Order.

## X.   FINAL APPROVAL OF SETTLEMENT

86.     Class Counsel will file a motion seeking the Court's Final Judgment as to the Proposed Settlement at a Final Approval Hearing to be held at a time, date, and location that will be stated in the Preliminary Approval Order, and listed in the Class Notice.  The Parties will request that the Final Approval Hearing be held at the earliest date that is at least 130 days after the Preliminary Approval

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

Order that the Court is available to hear the matter or as soon as possible thereafter. Class Counsel shall request the Court to enter a Final Judgment substantially in the form of the Final Order and Judgment Approving Settlement and Dismissing Action with Prejudice attached hereto as Exhibit E, approving the Proposed Settlement without material alteration, and directing the Parties and their counsel to comply with and consummate the terms of this Agreement, as well as:

a) Certifying the Settlement Class for settlement purposes;

b) Finding that Class Counsel and the Named Plaintiffs have adequately represented the Settlement Class;

c) Finding that the Court has personal jurisdiction over the Named Plaintiffs and all members of the Settlement Class for the purpose of this Settlement only, and that the Court has subject matter jurisdiction to approve the Agreement and all exhibits thereto;

d) Finding that the terms of the Settlement are fair, reasonable, and adequate to the Settlement Class and in compliance with due process and Ohio law;

e) Providing that each member of the Settlement Class who has not excluded him, her, or itself therefrom in accordance with the Court's prior orders shall be bound by the provisions of the Settlement, including the applicable Releases;

30

f) Finding that the Class Notice implemented pursuant to this Settlement and approved by the Court was reasonable and the best practicable notice and satisfies the requirements of the Federal Rules of Civil Procedure, as well as all the requirements of due process under the Ohio and United States Constitutions;

g) Dismissing all claims in the Action, and as otherwise set forth in this Agreement, on the merits and with prejudice, and entering final judgment thereon with a finding that there is no just reason to delay enforcement or appeal;

h) Approving the payment of the attorneys' fees and costs to Class Counsel in conformity with the provisions of the Settlement; and

i) Permanently barring and enjoining the Named Plaintiffs and each and every Class Member, and their respective heirs, executors, administrators, partners, and agents, and the successors and assigns of each and any of them, from asserting, either directly or indirectly, individually, or in a representative capacity or on behalf of or as part of a class, and whether under State or Federal statutory or common law, any Released Claim against any Released Person; and

j) Retaining jurisdiction to enforce the Agreement and Final Judgment.

31

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

## XI.    EFFECTIVE DATE

87.    The "Effective Date" of this Agreement means the 30th day after the entry of the "Final Judgment" as defined herein, as long as no appeals are filed.  If any appeals of such Final Judgment are filed the Effective Date will occur when the judgment has been affirmed and/or is beyond appeal.

## XII.    OBJECTIONS AND REQUESTS FOR EXCLUSION

88.    Settlement Class Members who wish to exclude themselves from the Settlement Class must prepare a written request for exclusion, postmarked not later than 30 days prior to the Final Settlement Hearing.  Written requests for exclusion must be signed and include the Settlement Class Member's name, address, and telephone number, and expressly state the desire to be excluded from the Settlement Class.  No Settlement Class Member may effect an exclusion of a class of individuals or represent such a class.

89.    The Claims Administrator shall promptly log each request for exclusion that it receives and provide copies of the log and all such requests for exclusion to counsel for the Parties.

90.    Settlement Class Members who do not file a timely request for exclusion may file a notice of intent to object to the Proposed Settlement, or intervene in the Action for the purpose of contesting the Proposed Settlement.  The

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

written notice of intent to object and/or intervene must be: (a) filed with the Clerk

of the Court not later than 30 days prior to the Final Settlement Hearing; and (b)

sent by first-class mail, postmarked not later than 30 days before the date set for

the Final Settlement Hearing, to Class Counsel:

> Chris Gold
> Edelsberg Law
> 20900 NE 30th Avenue, Suite 417
> Aventura, FL 33180.

And to Esurance's Counsel:

> Gregory R. Farkas
> Frantz Ward
> 200 Public Square, Suite 3000
> Cleveland, OH 44114

> Mark L. Hanover
> DENTONS US LLP
> 233 S. Wacker Dr.
> Suite 5900
> Chicago, IL 60606

91.    Any Settlement Class Member who does not so request to object or

intervene waives the right to do so in the future, and shall be forever barred from

intervening or making any objection to the Proposed Settlement or Final Judgment.

Any Notice of Intent to Object or Intervene must contain the following: (a) the

name of the Action; (b) the objector's full name, address and telephone number;

(c) all grounds for the objection, accompanied by any legal support for the

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

objection known to the objector or objector's counsel; (d) the number of times the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case; (e) the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application; (f) the number of times in which objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date that objector filed the objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding five years; (g) any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity; (h) the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing; (i) a list of all persons who will be called to testify at the Final Approval Hearing in support of the

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

objection; (j) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and (k) the objector's signature (an attorney's signature is not sufficient). The Parties must file any briefs in response to any objection on or before 10 days prior to the date of the Final Approval Hearing. Class Counsel and/or Esurance may conduct limited discovery on any objector consistent with the Federal Rules of Civil Procedure. Any Settlement Class Member who does not make his or her objections in the manner and by the Objection Deadline shall be deemed to have waived any objection(s), and shall be forever barred from raising such objections in this or any other action or proceeding, absent further order of the Court.

## XIII.   CONFIDENTIALITY OF PROPRIETARY INFORMATION

92.   Esurance asserts that the following constitutes highly confidential and proprietary business information of Esurance (the "Proprietary Information"): (a) any names, addresses, policy numbers, and other data concerning Settlement Class Members compiled by Esurance in effectuating the Proposed Settlement; and (b) any electronic data processing and other record keeping procedures and materials that may be utilized by Esurance in identifying the Settlement Class Members and effectuating Esurance's other obligations under this Agreement and/or the Settlement.  The confidentiality of all Proprietary Information provided to Class Counsel by Esurance shall be protected from disclosure by Class Counsel and/or

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

other attorneys for the Named Plaintiffs in this Action, or any Settlement Class

Member or their counsel, to any persons other than those described in Paragraph

86 below.

93.    No persons other than Esurance, Esurance's counsel, and

clerical/administrative personnel employed by Esurance or Esurance's counsel,

Class Counsel and clerical/administrative personnel employed by Class Counsel,

the Claims Administrator, if applicable, and such other persons as the Court may

order, after hearing on notice to all counsel of record, shall be allowed access to

any Proprietary Information.

94.    Within 30 days after all of Esurance's obligations under this

Settlement are effectuated, Class Counsel and/or other attorneys for the Named

Plaintiff in this Action, or any Settlement Class Member or their counsel, shall

destroy all Proprietary Information provided by Esurance to Class Counsel or

anyone they employed or retained in this Action, either in discovery or in

connection with this Agreement.  Class Counsel shall deliver a letter to Esurance's

counsel certifying their compliance with this Paragraph.  Further, the parties agree

that neither Class Counsel, nor anyone employed with, retained by, or otherwise

associated with Class Counsel, nor any other attorney or Person who shall have

access to this information, shall use any of this Proprietary Information in any

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

other litigation or proceeding, current or future, or for any other purpose whatsoever.

95.    Class Counsel and the Named Plaintiff shall not make any statements to the media, orally or in writing, about the Action, or this Agreement, other than statements which are fully consistent with this Agreement and the Class Notice, except in a *bona fide* court proceeding relating to the subject matter of the Action, and shall not in any way make any statements disparaging of Esurance in any way related to the subject matter of the Action.

## XIV.    DISMISSAL OF ACTION AND RELEASES

96.    Upon the Court's Final Approval of this Agreement and the Settlement set forth herein, the Final Judgment shall be entered providing for the dismissal, with prejudice and without leave to amend, of the Action, and the effectiveness of the Release by the Releasing Parties, including the Named Plaintiff, and including their past, present or future agents, legal representatives, trustees, parents, relatives, estates, heirs, executors and administrators, of all Released Claims against the Released Persons.

97.    Upon the Effective Date, by operation of the entry of the Final Judgment, the Releasing Parties, including the Named Plaintiff, and including their past, present or future agents, legal representatives, trustees, parents, relatives, estates, heirs, executors and administrators, shall be held to have fully released,

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

waived, relinquished and discharged, to the fullest extent possible by law, the Released Persons from all the Released Claims.

98.    Upon the Effective Date, the Releasing Parties, including the Named Plaintiff, and including their past, present or future agents, legal representatives, trustees, parents, relatives, estates, heirs, executors and administrators, expressly agree that they, acting individually or together, shall not seek to institute, maintain, prosecute, sue, or assert causes of action or proceedings against any of the Released Persons asserting any of the Released Claims.

99.    Notwithstanding the Court's entry of the Final Judgment, the Court shall retain ongoing jurisdiction over this Action for purposes of enforcing and interpreting this Agreement and Final Judgment, including entering such orders and injunctions to prevent any collateral litigation that may be filed by Settlement Class Members, if necessary, and/or enforcing the litigation bar as to the Released Claims provided for by this Settlement.

## XV.    DENIAL OF LIABILITY

100.    Were it not for this Settlement, Esurance would have vigorously contested each and every claim in the Action.  Esurance maintains that it has consistently acted in accordance with governing laws at all times.  Esurance vigorously denies all the material allegations set forth in the Action.  Esurance nonetheless has concluded that it is in its best interest that the Action be settled on

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

the terms and conditions set forth in this Agreement.  Esurance reached this
conclusion after considering the factual and legal issues in the Action, the
substantial benefits of a final resolution of the Action, the expense that would be
necessary to defend the Action through trial and any appeals that might be taken,
the benefits of disposing of protracted and complex litigation, and the desire of
Esurance to conduct its business unhampered by the distractions of continued
litigation.  The settlement of this matter by Esurance, including, but not limited to,
the terms and provisions of this Agreement, and any steps taken in accordance
therewith, shall not be used in any way as precedent in any pending or future
actions, including any actions against any of the Released Persons.

101.  As a result of the foregoing, the Released Persons enter into this
Agreement without in any way acknowledging any fault, liability, or wrongdoing
of any kind.  Neither this Agreement, nor any of its terms or provisions, nor any of
the negotiations or proceedings connected with it, shall be construed as an
admission or concession by the Released Persons of the truth of any of the
allegations made in the Action, or of any liability, fault, or wrongdoing of any kind
whatsoever on the part of the Released Persons.

102.  To the extent permitted by law, neither this Agreement, nor any of its
terms or provisions, nor any of the negotiations or proceedings connected with it,
shall be utilized or offered as evidence or received in evidence in any pending or

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

future civil, criminal, or administrative action or proceeding, for any purpose including to establish any liability or admission by the Released Persons, except in any proceedings brought to enforce the Agreement or the Final Judgment or otherwise with the written consent of Esurance at its sole discretion.

103.   Neither this Agreement, nor any pleading or other paper related in any way to this Agreement, nor any act or communication in the course of negotiating, implementing or seeking approval of this Agreement, shall be deemed an admission by Esurance that certification of a class or subclass is appropriate in any other litigation, or otherwise shall preclude Esurance from opposing or asserting any argument it may have with respect to certification of any class(es) or subclass(es) in any proceeding.  Nor may this Agreement be construed in any fashion as precedent for any matter similar to the instant one, or used as evidence of any kind, by any person or entity, in any action or proceeding against the Released Parties, as this Agreement has been entered into based on the particular facts of this matter alone.

## XVI.    REPRESENTATION OF OPT OUTS.

104.   Only to the extent that it is otherwise not violative of any applicable rules governing the practice of law, Class Counsel agree that any representation, encouragement, solicitation or other assistance, including, but not limited to, referral to other counsel, of any opt out or any other person seeking to litigate with

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

any of the Released Persons over any of the Released Claims or to represent any form of opt-out class, could place Class Counsel in an untenable conflict of interest with the Class.  Accordingly, Class Counsel and their respective firms agree (only to the extent that it is otherwise not violative of any applicable rules governing the practice of law) not to represent, encourage, solicit or otherwise assist, in any way whatsoever (including, but not limited to referrals to other counsel) any opt out or any form of opt-out class, except that referring such person to the Notice or suggesting to any such person the option of obtaining separate counsel, without specifically identifying options for such counsel, shall be permitted under the terms of this provision.

## XVII. DECEASED CLASS MEMBERS

105.  Claims may be submitted, along with sufficient proof of representative status, by a Legally Authorized Representative on behalf of a deceased Settlement Class Member's estate.

## XVIII. INCAPACITATED CLASS MEMBERS

106.  Claims may be submitted by a Legally Authorized Representative on behalf of an incapacitated Settlement Class Member.

## XIX. TAX OBLIGATIONS

107.  Tax obligations which may arise by virtue of the Settlement Class Payments made pursuant to this Agreement, if any, are solely the responsibility of

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

the Persons who receive such Settlement Class Payments, and are not in any way

the responsibility of Esurance or Class Counsel.  The Parties to this Agreement do

not in any way express any belief or opinion regarding the existence of such tax

obligations and do not undertake to provide any advice to any Settlement Class

Member regarding any tax obligations which may arise by virtue of any Settlement

Class Payments made pursuant to this Agreement.

## XX.    MISCELLANEOUS PROVISIONS

108.    The Parties hereto agree to defend this Agreement against objections

made to final approval of the Settlement or in any appeal of the Final Judgment or

collateral attack on the Agreement or Final Judgment.

109.    The undersigned counsel represent that they are fully authorized to

execute and enter into the terms and conditions of this Agreement on behalf of

their respective clients.

110.    Except as otherwise provided, this Agreement contains the entire

agreement between the Parties hereto, and supersedes any prior agreements or

understandings between them.  All terms of this Agreement are contractual and not

mere recitals, and shall be construed as if drafted by all Parties hereto. The terms of

this Agreement are and shall be binding upon each of the Parties hereto, their

agents, attorneys, employees, successors and assigns, and upon all other Persons

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

claiming any interest in the subject matter hereof through any of the Parties hereto, including any Settlement Class Member.

111.   This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties hereto.  Non-material amendments and modifications may be made without additional notice to the Settlement Class Members unless such notice is required by the Court.

112.   This Agreement shall be subject to, governed by, construed, and enforced pursuant to the laws of the State of Ohio.

113.   The exhibits to this Agreement are an integral part of the Settlement and are hereby incorporated into and made a part of this Agreement.

114.   To the extent permitted by law, this Agreement may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit or other proceeding which may be instituted, prosecuted or attempted in breach of this Agreement.

115.   This Agreement shall be deemed to have been executed upon the last date of execution by all the undersigned counsel.

116.   This Agreement may be executed in counterparts, each of which shall constitute an original.

117.   The Parties will request that the Court retain continuing jurisdiction for the specific purpose of any enforcement, suit, action, proceeding or dispute

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

arising out of or relating to this Agreement and the Proposed Settlement embodied herein, and maintain jurisdiction over all Settlement Class Members. Specifically, the parties shall request that the Court retain jurisdiction for purposes of: (a) implementation, enforcement, and administration of the Settlement, including any Releases in connection therewith; (b) resolution of any disputes concerning Settlement Class membership or entitlement to benefits under the terms of the Settlement; (c) enforcing and administering the Settlement and the Final Judgment until each and every act agreed to be performed by the Parties has been performed pursuant to this Agreement; and (d) other matters related to the foregoing.

118.  Titles of sections to this Agreement are illustrative only and are neither binding on the Parties nor to be considered any part of the drafting history or other means of interpreting this Agreement.  This Agreement shall be deemed to have been drafted by all the Parties hereto and their counsel.

IN WITNESS HEREOF, the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below and agree that it shall take effect on the date it is executed by all of the undersigned.

DATED this _____ day of __, 2022

**SIGNATURES CONTINUED ON FOLLOWING PAGE**

44

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

For Plaintiffs:

By: _____
Marie Romaniak
Plaintiff

*Chris Gold* _____
Name
Witness

For Defendants:

By: _____
Steven M. Levy of Dentons US LLP – authorized to
sign for Esurance

For Esurance

**APPROVED AS TO FORM AND SUBSTANCE**

EDELSBERG LAW

By: *Chris Gold* _____
Chris Gold

*Attorneys for Named Plaintiffs*
*and the Settlement Class*

**SIGNATURES CONTINUED ON FOLLOWING PAGE**

FRANTZ WARD

By: _____
Gregory R. Farkas

45

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

DENTONS US LLP

By: _____
 Mark L. Hanover

*Attorneys for Defendants*

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

**CLAIM FORM**

Name & Address: [PRE-FILL]                    CLAIM ID: [PRE-FILL]____

Date of Loss: [PRE-FILL]_____

## 1. ADDRESS (if different from above)

Primary Address

| | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

Primary Address continued

| | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

City:

State:

Zip Code:

## 2. AFFIRMATION (required): By signing below, I certify under oath that I am the person who made the insurance claim identified above or I am the legally authorized personal representative, guardian or trustee of the person who made the insurance claim identified above, that the information on this Claim Form is true and correct, that I am entitled to the relief requested in this Claim Form and that I have not previously received a full Vehicle Sales Tax payment from Esurance on my underlying total loss claim (subject to verification by Esurance).

Signature:_____ Dated_____

Name (please print): _____

2

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

postage
prepaid
mark

_____

_____

_____

Settlement Administrator
P.O. Box \_\_\_
_____,\_\_\_\_\_

3

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

**Notice of Class Action Settlement**

You may be a class member in a class action against Esurance Property and Casualty Insurance Company ("Esurance"). The Parties have agreed to settle the case. The case is *Romaniak v. Esurance Property and Casualty Insurance Company*, Case No. 20-CV-02773, United States District Court for the Northern District of Ohio

**Why am I getting this Notice?** You have been identified as a "Settlement Class Member" from Esurance's claims data, because you were an Ohio policyholder and insured by Esurance and submitted a physical damage claim with respect to a covered vehicle during the period of December 16, 2012 through the date of Preliminary Approval of the Settlement in this matter that resulted in a total loss claim payment.

**What is this lawsuit about?** The Settlement resolves a lawsuit claiming that Esurance breached its auto insurance policies by improperly failing to pay Vehicle Sales Tax who submitted Ohio first-party total loss auto claims.

**Settlement Terms.** Esurance will pay unpaid Vehicle Sales Tax to eligible Settlement Class Members who submit a claim. The payment is the full amount sought in the case. Esurance also will not contest an application for payment of attorneys' fees of up to $575,000, and $5,000 as a service award to the Class Representative. These payments will not reduce the amount of money available to Settlement Class Members.

**How do I Receive Payment?** To receive a payment, you must complete and mail the attached Claim Form (no stamp needed - - return postage has been prepaid) or submit a Claim Form online at www.romaniaktotallosstaxsettlement.com. You also may make a claim online by visiting www.XXX.com, clicking "Make a Claim" and entering the Claimant ID Number that is on the attached claim form. Claim Forms must be postmarked or submitted online by _____.

**Do I have any other options?** Unless you submit a Claim Form, you will not be eligible to get a Settlement payment and your rights will be affected. If you don't want to be legally bound by the settlement, pursuant to which you will be giving a release of any claims asserted in the lawsuit, you must exclude yourself from it by [MONTH], [DAY], [YEAR]. Unless you exclude yourself, you won't be able to sue or continue to sue Esurance for any claim made in this lawsuit or released by the Settlement Agreement. If you stay in the Settlement (i.e., don't exclude yourself), you may object to it or ask for permission for you or your own lawyer to appear and speak at the hearing—at your own cost—but you don't have to. Objections and requests to appear, which must comply with the procedures for such submissions, are due by [MONTH], [DAY], [YEAR]. More details and the full terms of the Proposed Settlement are available at www.ohioautolosstaxsettlement.com.

COURT ORDERED LEGAL NOTICE

## If you suffered a total-loss while insured by Esurance from 2012-2022, you may be entitled to a cash payment.

### Complete and return the enclosed form by

### to receive a cash payment.

Romaniak v. Esurance
Class Action Settlement
PO BOX 0000
City, State, Zip Code

**Class Member John Doe
123 ABC Street
Cleveland, OH 12345**

1

EMAIL

To:
From:
Subject: Esurance Settlement-File a Claim

**Esurance's records show you suffered a total loss while insured with them and you may be entitled to payment for Vehicle Sales Tax from the class action settlement in the case:**

**Romaniak v. Esurance Property and Casualty Insurance Company, Case No. 20-CV-02773, United States District Court for the Northern District of Ohio**

**Claim your potential cash payment from the Settlement by [Date].**

TO MAKE A CLAIM: Click **here**, or go to www.XXXX.com and enter your Claimant ID Number [insert Claimant ID Number]

You have been identified as a potential "Settlement Class Member" from Esurance's claims data, because you were an Ohio policyholder and insured by Esurance and submitted a physical damage claim with respect to a total loss vehicle during the period December 16, 2012 through [insert date of preliminary approval order], that resulted in a total loss claim payment.

The Settlement resolves a lawsuit claiming that Esurance breached its auto insurance policies by improperly failing to pay Vehicle Sales Tax to customers who submitted Ohio first-party total loss auto claims who were not paid Vehicle Sales Tax.

Esurance will pay for unpaid Vehicle Sales Tax to eligible Settlement Class Members who submit a claim. This payment is the full amount sought in the case. Claim payments will be the full amount of Vehicle Sales Tax at the applicable tax rate at the garage location, less any Vehicle Sales Tax previously paid to you by Esurance, as reflected in Esurance's records. The maximum available totals $2,300,000.00. Esurance has also agreed not to oppose attorneys' fees of up to $575,000, and $5,000 as a service award to the Class Representative. The attorneys' fees, costs and service award will not reduce the amount of money available to Settlement Class Members.

To be eligible for payment, you must complete and mail the Claim Form attached to the postcard you received in the mail or submit a Claim Form online at www.XXXX.com by using the above link and Claimant ID information. Claim Forms must be postmarked or submitted online by ___.

Unless you timely file a Claim Form, you will not get a settlement payment and your rights will be affected. If you don't want to be legally bound by the Settlement, you must exclude yourself from it by **[MONTH], [DAY], [YEAR]**. Unless you exclude yourself, you won't be able to sue or continue to sue Esurance for any claim made in this lawsuit or released by the Settlement Agreement. If you stay in the Settlement (i.e., don't exclude yourself), you may object to it or ask for permission for you or your own lawyer to appear and speak at the hearing—at your own cost—but you don't have to. Objections and requests to appear are due by **[MONTH], [DAY], [YEAR]**, and must comply with all instructions for submission.

More details and the full terms of the Proposed Settlement are available at www.XXXX.com. You may also contact class counsel at _____.

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

Romaniak v. Esurance Property and Casualty Insurance Company

Case No. 20-CV-02773

## IMPORTANT NOTICE OF CLASS ACTION SETTLEMENT

**The Court authorized this Notice.**
**This is not a solicitation from a lawyer.**
**You are not being sued.**

## PLEASE READ THIS NOTICE CAREFULLY

A Settlement has been reached in the case *Romaniak v. Esurance Property and Casualty Insurance Company,* Case No. 20-CV-02773, United States District Court for the Northern District of Ohio (the "Action"), entitling eligible Class Members who make a claim to payment of Vehicle Sales Tax on total loss claims. This Notice explains: 1) the terms of the Settlement; 2) who is a member of the Class; 3) how to submit a claim for payment; 4) how to request exclusion from the Settlement; 5) how to object to the Settlement; and 6) how to get more information about the Settlement.

IF YOU ARE A CLASS MEMBER, THIS LEGAL PROCEEDING MAY AFFECT YOUR RIGHTS.

HELP IS AVAILABLE TO ASSIST YOUR UNDERSTANDING OF THIS NOTICE.
Call **1-###-###-####** toll free or visit www.ohioautolosstaxsettlement.com for more information.

## What is a Class Action?

A class action is a lawsuit in which one or more individuals bring claims on behalf of other persons or entities. These persons or entities are referred to as a "Class" or "Class Members." In a certified class action, the Court resolves certain issues, legal claims, and/or defenses for all Class Members in a single action, except for those persons or entities who ask in writing to be excluded from the Class.

## What is this Class Action About?

Plaintiff alleges that Esurance (defined below) breached its contracts (insurance policies) by failing to pay Plaintiff and other Ohio insureds who submitted physical damage claims for their vehicles during the class period, and which resulted in a total loss claim payment, the applicable Vehicle Sales Tax. Esurance maintains that it complied with the terms of the insurance policies and applicable law, has numerous merits and class defenses, and denies that it acted wrongfully or unlawfully and continues to deny all material allegations.

1

QUESTIONS? CALL _____ TOLL-FREE, OR VISIT www._____.com.
PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAMAR _____,
O VISITAR www._____.com.

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

You are receiving this Notice because a Settlement of the case has been reached between the Plaintiff, acting on behalf of the Class, and Esurance. The Court has preliminarily approved the Settlement, including the preliminary approval of a Settlement Class.

The Court is conducting a Final Approval Hearing on _____, to decide whether to grant final approval of the Proposed Settlement.

## Settlement Terms

As a part of the Settlement, Esurance Property and Casualty Insurance Company and Esurance Insurance Company (together "Esurance" or "Esurance Defendants") have agreed to:

1. pay eligible members of the Class for unpaid Vehicle Sales Tax that Plaintiff alleged she and Class Members are owed; and
2. Separately pay attorneys' fees not to exceed $575,000.00, and a Service Award not to exceed $5,000.00 to the Class Representative, which will not come from nor reduce any payment made to Settlement Class Members, with both amounts to be approved by the Court.

If you already were paid full Vehicle Sales Tax on your total loss claim, you are not eligible for payment.

In exchange, the Plaintiff and the members of the Class who do not exclude themselves from the Settlement agree to give up any claim they have for payment of Vehicle Sales Tax. If you are a member of the Class, you can submit a claim to be paid for Vehicle Sales Tax. Alternatively, you may, if you wish, request to be excluded from the Settlement, which means you are not eligible for payment, and you maintain your right to sue Esurance individually and separately for payment of Vehicle Sales Tax. You may also object to the terms of the Settlement if you comply with the requirements set forth below.

## How Do I Know if I am a Member of the Class?

You may be a member of the class action (a "Class Member") against Esurance if you were an Ohio policyholder and insured by Esurance and submitted a physical damage claim with respect to a covered vehicle during the period December 16, 2012 through _____ [date of preliminary approval] that resulted in a total loss claim payment that did not include Vehicle Sales Tax. You received this Notice because Esurance's records indicate you may be a member of the Class.

## If I Am a Class Member, What Are My Options?

If you are a Class Member, you have four options.

## Option 1: Submit a Claim Form for Payment.

2

QUESTIONS? CALL _____ TOLL-FREE, OR VISIT www._____.com.
PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAMAR _____,
O VISITAR www._____.com.

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

You may submit a Claim Form for payment of Vehicle Sales Tax.  If you received a Notice in the mail, the Notice included a pre-filled Claim Form. You can submit a claim by signing the Claim Form, carefully tearing at the perforation, and putting the Claim Form in the mail (the Claim Form is addressed and has necessary postage prepaid). You can call 1-8XX-XXX-XXXX or visit www.ohioautolosstaxsettlement.com and request that the Settlement Administrator send you a Claim Form as described above (or a blank form that you will need to fill out).

You can also submit an Electronic Claim Form by visiting www.ohioautolosstaxsettlement.com, clicking the MAKE A CLAIM button, and following the steps outlined for you.  An email relating to the Settlement also has been sent to Settlement Class Members for whom Esurance has email addresses. The email has a link to permit you to access the website to make a claim using a Claimant ID Number contained in the email and the Mailed Notice.

You can make a claim on www.ohioautolosstaxsettlement.com by clicking the MAKE A CLAIM button.  You will need a Claimant ID Number (which was included in the Mailed Notice and Email Notice) or your last name and Policy number or claim number.  If you do not know your Claimant ID Number, you can call 1-8XX-XXX-XXXX and provide your last name and seek assistance in determining your Claimant ID Number. You can also fill out the information in an electronic blank form.

If you submit a Claim Form in the mail, it must be postmarked no later than _____. If you submit an Electronic Claim, you must do so by 11:59 p.m. on _____.

**Option 2: Exclude yourself from the Case.**

You have the right to not be part of the Settlement by excluding yourself or "opting out" of the Class. If you wish to exclude yourself, you must do so on or before __ as described below. You do not need to hire your own lawyer to request exclusion from the Class.  If you exclude yourself from the Class, you give up your right to receive a payment for Vehicle Sales Tax, or any other benefits as part of this Settlement, and you will not be bound by any judgments or orders of the Court, whether favorable or unfavorable. However, you will keep your right to sue Esurance separately in another lawsuit if you choose to pursue one.

To exclude yourself from this lawsuit and/or preserve your right to bring a separate case, you must make a request to be excluded in writing and, with sufficient postage, mail the request to:

Romaniak v. Esurance Property and Casualty Insurance Company
c/o NAME
ADDRESS
ADDRESS

A request for exclusion must be postmarked on or before __.

Your request for exclusion must contain the following:

3

QUESTIONS? CALL _____ TOLL-FREE, OR VISIT www._____.com.
PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAMAR _____,
O VISITAR www._____.com.

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

1.  The name of the lawsuit  (Romaniak. v. Esurance Property and Casualty Insurance Company);;
2.  Your full name;
3.  Your current address;
4.  A clear statement that you wish to be excluded from the Class, such as: "I request exclusion from the Class"; and
5.  Your signature.

The Settlement Administrator will file your request for exclusion with the Court.  If you are signing on behalf of a Class Member as a legal representative (such as an estate, trust or incompetent person), please include your full name, contact information, and the basis for your authority.  A request for exclusion must be exercised individually and not on behalf of a group.

IF YOU DO NOT EXCLUDE YOURSELF FROM THE CLASS BY THE POSTMARK DEADLINE OF __, YOU WILL REMAIN PART OF THE CLASS AND WILL BE BOUND BY THE ORDERS OF THE COURT IN THIS LAWSUIT, AND BY THE TERMS OF THE SETTLEMENT IF IT IS APPROVED BY THE COURT, EVEN IF YOU DO NOT SUBMIT A CLAIM FOR PAYMENT.  IF YOU DO NOT WISH TO BE BOUND BY THE DECISIONS OR SETTLEMENT IN THIS CASE, YOU MUST REQUEST EXCLUSION FROM THE CLASS ACTION.

**Option 3: Object to the Terms of the Settlement.**

The full terms of the Settlement can be found at www.ohioautolosstaxsettlement.com. If you think the terms of the Settlement are not fair, reasonable, or adequate to the Class Members, you can file a Notice of Intent to object to the terms of the Settlement.  If you object to the terms of the Settlement, you cannot request exclusion from the Settlement.  If you object to the terms of the Settlement and your objection is overruled, you will be bound by the terms of the Settlement and all rulings and orders from the Court.

To properly object to the terms of the Settlement, you must send, with sufficient postage, a Notice of Intent to object to the terms of the Settlement and to appear at the Final Approval Hearing (described below) to the following:

Romaniak v. Esurance Property and Casualty Insurance Company
c/o NAME
ADDRESS
ADDRESS

The Notice of Intent must include the following:

1.  The name of the case (Romaniak. v. Esurance Property and Casualty Insurance Company);;
2.  Your name, address, telephone number, and signature;
3.  The specific reasons why you object to the terms of the Proposed Settlement;

QUESTIONS? CALL _____ TOLL-FREE, OR VISIT www._____.com.
PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAMAR _____,
O VISITAR www._____.com.

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

4. The name, address, bar number, and telephone number of any attorney who represents you related to your intention to object to the terms of the Settlement;
5. State whether you and/or your attorney intend to appear at the Final Approval Hearing and whether you and/or your attorney will request permission to address the Court at the Final Approval Hearing.

If you and/or your attorney intend to request permission to address the Court at the Final Approval Hearing, your Notice of Intent must also include the following:

1. A detailed statement of the legal and factual basis for each of your objections;
2. A list of any witness you may seek to call at the Fairness Hearing (subject to applicable rules of procedure and evidence and the discretion of the Court), with the address of each witness and a summary of his or her proposed testimony;
3. A list of any legal authority you may present at the Fairness Hearing; and
4. Documentary proof of membership in the Settlement Class.

Notices of Intent to object must be postmarked by _____. If any Notice of Intent is not postmarked by the deadline set forth above or does not comport with the requirements listed above you will waive the right to be heard at the Final Approval Hearing. If you file a Notice of Intent, you waive the right to request exclusion from the Class and will be bound by any decisions and orders from the Court and by the terms of the Settlement if it is approved by the Court. If you do not want to be bound by the decisions and rulings by the Court and the terms of the Settlement, you must file a request for exclusion, not a Notice of Intent.

**Option 4: Do Nothing Now. Stay in the Case.**

You have the right to do nothing. If you do nothing, you will be bound by the terms of the Settlement and will release any claim against Esurance for Vehicle Sales Tax, even if you do not submit a Claim for payment. In other words, if you do nothing, you will give up your right to sue Esurance and receive nothing in return.

## Who Is Representing the Class?

The Court has preliminarily appointed Marie Romaniak (the "Named Plaintiff") to be the representative of the Class. The Court has also preliminarily appointed the following lawyers as Class Counsel for those Class Members:

| | | |
|---|---|---|
| **NORMAND PLLC**<br>Amy L. Judkins, Esq.<br>3165 McCrory Place, Suite 175<br>P.O. Box 140036<br>Orlando, FL 32803<br><br>**SHAMIS & GENTILE, P.A.**<br>Andrew Shamis, Esq. | **SPANGENBERG SHIBLEY &<br>LIBER LLP**<br>Stuart Scott, Esq.<br>1001 Lakeside Avenue East<br>Suite 1700<br>Cleveland, OH 33114 | |

QUESTIONS? CALL _____ TOLL-FREE, OR VISIT www._____.com.
PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAMAR _____,
O VISITAR www._____.com.

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

| 14 NE 1st Avenue<br>Suite 705<br>Miami, FL 33132 | **EDELSBERG LAW**<br>Chris Gold, Esq.<br>20900 NE 30th Avenue<br>Suite 417<br>Aventura, FL 333180 | |

These lawyers are experienced in handling class action lawsuits, including actions on behalf of insured policyholders.  More information about Class Counsel is available on their website listed above.

Class Counsel will file an application for attorneys' fees of no more than $575,000 dollars, subject to approval by the Court.  Esurance has agreed to pay Class Counsel that amount if approved by the Court.  Payment of attorneys' fees and costs has no impact on and does not affect or reduce in any way the amount of money that will be paid to Class Members.  If the Court grants Class Counsel's request, and in whatever amount the Court approves Class Counsel's Request, the attorneys' fees and costs will be paid separately by Esurance.  If you submit a valid claim for payment, you will receive payment for Vehicle Sales Tax, and that amount will <u>not</u> be reduced to pay Class Counsel fees and/or costs.  You will not be personally responsible for any fees, costs or expenses incurred by Class Counsel relating to the prosecution of this case.

Class Counsel will also seek a Class Representative Service Award to the Named Plaintiff in the amount of $5,000, subject to Court approval.  The award is designed to reward the Named Plaintiff for securing the recovery awarded to members of the Class, which is the full amount of damages the Named Plaintiff alleged is owed to Class Members, and to acknowledge the time spent by the Named Plaintiff in  providing discovery, participating in the case and mediation, and prosecuting the claim for the benefit of the Class.  Esurance has agreed to pay the Class Representative Service Award to the Named Plaintiff up to the amount of $5,000.  Payment of the Class Representative Service Award has no impact on and does not affect in any way the amount of money that will be paid to Settlement Class Members.  If the Court grants the request for a Class Representative Service Award, and in whatever amount the Court approves the request, the Class Representative Service Award will be paid separately by Esurance, and will not affect or reduce in any way the amount of money paid to Class Members.  If you submit a valid claim for payment, you will receive payment for Vehicle Sales Tax, and that amount will <u>not</u> be reduced to pay the Class Representative Award.

### <u>What Claim(s) Against Esurance Are Class Members Releasing?</u>

As a part of the Settlement, Class Members agree to release Esurance and not to sue Esurance for any claims for payment of Vehicle Sales Tax.  "Released Claims" means and includes any and all known and unknown claims, rights, demands, allegations, actions, suits or causes of action of whatever kind or nature, whether ex contractu or ex delicto, debts, liens, liabilities, agreements, interests, costs, expenses, attorneys' fees, losses or damages (whether actual, consequential or treble) statutory, common law or equitable, including but not limited to breach of contract, bad

6

QUESTIONS? CALL _____ TOLL-FREE, OR VISIT www._____.com.
PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAMAR _____,
O VISITAR www._____.com.

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

faith or extra-contractual claims, and claims for punitive or exemplary damages, or prejudgment or postjudgment interest, arising from or relating in any way to Esurance's alleged failure to pay any or sufficient Vehicle Sales Tax to Plaintiff and all Settlement Class Members with respect to any Settlement Class Member Claims for a total loss vehicle during the Class Period under an automobile insurance policy issued by Esurance based on any legal theory whatsoever relating to payment of Vehicle Sales Tax to the fullest extent of the law and res judicata and/or claim preclusion protections.  Released Claims do not include any claim for enforcement of the contemplated Settlement Agreement and/or Final Order and Judgment.  Released Claims also do not include any claims, actions, or causes of action alleging that Esurance failed to properly calculate the value of total loss vehicles except to the extent that such claims, actions, or causes of action relate to failure to pay any or sufficient Vehicle Sales Tax.  "Unknown Claims" means any unknown Released Claims arising out of facts found hereafter to be other than or different from the facts now believed to be true and relating to Vehicle Sales Tax to the full extent permitted by law and to the full extent of res judicata and/or claim preclusion protection.

### How Do I Find Out More About This Lawsuit?

If you have any questions about the lawsuit or any matter raised in this notice, please call toll-free at **1-###-###-####** or go to www._____.com.

This website provides:
1. An electronic Claim Form submission and directions for how to submit;
2. The process for requesting a paper (non-electronic) pre-filled Claim Form or blank form;
3. The full terms of the Settlement;
4. Information and requirements for submitting a claim, requesting exclusion, or filing a Notice of Intent to object to the terms of the Settlement;
5. A copy of the Complaint filed by Plaintiff and other important rulings and orders from the Court during the case prior to Settlement; and
6. Other general information about the class action.

You also may contact Class Counsel, whose contact information and website information is provided above.

Complete copies of the documents filed in this lawsuit that are not under seal may be examined and copied at any time at the Clerk of Court, United States District Court for the Northern District of Ohio,_____, Ohio.

PLEASE DO NOT TELEPHONE OR CONTACT THE COURT OR THE CLERK OF THE COURT REGARDING THIS NOTICE.

IT IS SO ORDERED, HONORABLE _____,

DATED: _____ ##, 2022.

QUESTIONS? CALL _____ TOLL-FREE, OR VISIT www._____.com.
PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAMAR _____,
O VISITAR www._____.com.

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

QUESTIONS? CALL _____ TOLL-FREE, OR VISIT www._____.com.
PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAMAR _____,
O VISITAR www._____.com.

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARIE ROMANIAK, | CASE NO:  1:20-CV-02773 |
| Plaintiff, | JUDGE:  PAMELA A. BARKER |
| vs. | |
| ESURANCE PROPERTY AND CASUALTY INSURANCE COMPANY, | MAGISTRATE JUDGE: WILLIAM H. BAUGHMAN, JR. |
| Defendant. | |

## FINAL ORDER APPROVING SETTLEMENT AND JUDGMENT OF DISMISSAL WITH PREJUDICE [PROPOSED]

The Court preliminarily approved the class action settlement in this case on

___, 2022.  Since that time, the Parties have completed the notice process and now

seek final approval of the Settlement Agreement ("Agreement").  Through a

motion for final approval of class settlement and motion for fees and costs, the

Parties seek, among other things, that the Court: (1) grant final certification of the

settlement class; (2) approve the Agreement as fair, reasonable, and adequate; (3)

rule that the notice process was reasonable and the best practicable under the

circumstances; and (4) grant the Named Plaintiff's unopposed request for

attorneys' fees, costs, and a class representative service award.  A hearing was held

on the motions on ___, 2022.  For the reasons stated below, the motions are granted.

On ____, 2022, the matter of the Court's final approval of the Agreement submitted on __, 2022 by the Motion for Order Preliminarily Approving Settlement, Approving Notice to Class Members, and Setting Date for Settlement Fairness Hearing, came before the Court for consideration.  Appearing on behalf of the Named Plaintiff and the Settlement Class was Chris Gold, Edelsberg Law, Suite 417, 20900 NE 30th Avenue, Aventura, FL 33180 ("Class Counsel"). Appearing on behalf of Defendants was Gregory R. Farkas, Frantz Ward, 200 Public Square, Suite 3000, Cleveland, OH 44114 and Mark L. Hanover, Dentons US LLP, 233 South Wacker Drive, Suite 5900, Chicago, Illinois 60606.

WHEREAS, the Named Plaintiff, Marie Romaniak, on behalf of herself and the proposed Settlement Class, and Defendant, Esurance Property and Casualty Insurance Company, individually and on behalf of all affiliated entities (collectively, "Esurance," as defined in the Agreement), have executed and filed the Agreement with the Court on __, 2022; and

WHEREAS, all capitalized terms used herein shall have the same meaning as set forth in the Agreement and are hereby incorporated by reference, and this Order incorporates by reference the definitions in the Agreement; and

2

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

WHEREAS, the Court, on __, 2022, entered the Order Re: Preliminary Approval of Settlement and Approval of Notice of Pendency of Settlement of Class Action to Class Members ("Preliminary Approval Order"), preliminarily approving the Proposed Settlement and conditionally certifying this Action, for settlement purposes only, as a class action; and

WHEREAS, Marie Romaniak was approved in the Preliminary Approval Order as the Class Representative; and

WHEREAS, the Court, as part of its Preliminary Approval Order, directed that a plan for disseminating notice of the settlement ("Notice Plan") be implemented, and scheduled a hearing to be held on ____, 2022, to determine whether the Proposed Settlement should be approved as fair, reasonable and adequate; and

WHEREAS, Esurance and Class Counsel have satisfactorily demonstrated to the Court that the Notice Plan was followed; and

WHEREAS, a Final Settlement Hearing was held on __, 2022, at which all interested persons were given an opportunity to be heard, and all objections to the settlement, if any, were duly considered;

NOW, THEREFORE, the Court, having read and considered all submissions made in connection with the Proposed Settlement, and having reviewed and considered the files and records herein, finds and concludes as follows:

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

1.      The Complaint filed in this Action alleges generally that Esurance improperly failed to pay Vehicle Sales Tax when adjusting total loss claims in Ohio.

2.      As part of the Preliminary Approval Order, the Court certified the Settlement Class, for settlement purposes only, defined as follows:

> All Insureds, under any Ohio automobile insurance policy issued by Esurance and its subsidiaries or related insurance companies with the same operative policy language covering a vehicle with auto physical damage coverage for comprehensive or collision loss where such vehicle was declared a total loss, who made a first-party claim for total loss, and whose claim was adjusted as a total loss, within the eight year time period prior to the date on which this lawsuit was filed until the date of any class certification Preliminary Approval Order and who are mailed the Class Notice and who do not timely opt out from the Settlement Class (the "Settlement Class Members").  Excluded from the Settlement Class are (1) Esurance, all present or former officers and/or directors of Esurance, the Settlement Administrator, the Mediator, the Neutral Evaluator, Class Counsel, and any Judge of this Court; (2) Individuals with claims for which Esurance received a valid and executed release; (3) Individuals who are not on the Notice list and who did not submit a valid Claim Form or Electronic Claim Form for payment under this Settlement Agreement; (4) Individuals who request exclusion from the Class; and (5) Individuals whose claims for first-party property damage as to which the individual process of appraisal or arbitration or a lawsuit has been completed or initiated at the time the Settlement Agreement was filed.

3.      The Court hereby affirms this definition of the Settlement Class for purposes of this Final Judgment.

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

4.     For purposes of Settlement, the Named Plaintiff possesses standing and the proposed Settlement Class is adequately defined and ascertainable. The Settlement Class is adequately defined because the class definition is clear and precise, is based on objective criteria, and, because it only includes insureds who also suffered redressable harm, so it is not overbroad.

5.     For purposes of settlement, the Class is sufficiently numerous (comprised of over 10,000 members), there are questions of law and fact common to the Settlement Class (including whether the insurance policies were breached by failure to pay Vehicle Sales Tax) and the Named Plaintiff's claims are typical of the Settlement Class. In addition, both the Named Plaintiff and Class Counsel are adequate representatives of the Settlement Class and have fairly and adequately protected and will continue to protect the interests of the Settlement Class. Thus, the requirements to certify a class prescribed by Fed. R. Civ. P. 23(a) are satisfied as to the Settlement Class for purposes of a settlement class, although Esurance does not concede that these requirements would have been satisfied for purposes of a litigation class.

6.     For purposes of settlement, the Settlement Class is certifiable under Fed. R. Civ. P. 23(b)(3) because common issues predominate over individual issues and class treatment is superior to other alternatives for adjudicating the claims at issue.

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

7.     The Named Plaintiff and Esurance have entered into the Agreement which has been filed with the Court.  The Agreement provides for the Settlement of this Action with Esurance on behalf of the Named Plaintiff and the Settlement Class Members, subject to approval by the Court of its terms.  The Court scheduled a hearing to consider the approval of the Settlement and directed that the Class Notice be disseminated in accordance with the terms of the Preliminary Approval Order.

8.     In accordance with the terms of the Settlement and the Preliminary Approval Order, the parties implemented the Notice Plan approved by the Court. Esurance's counsel and Class Counsel have confirmed to the Court that the Parties complied with the Notice Plan.

9.     The Court hereby finds that the Notice Plan and the Class Notice constituted the best notice practicable under the circumstances, and constituted valid, due and sufficient notice to members of the Settlement Class.

10.     The Named Plaintiff and Esurance have applied to the Court for final approval of the terms of the Proposed Settlement and for the entry of this Final Judgment.  Pursuant to the Class Notice, a hearing was held before this Court, on __ 2022, to determine whether the Proposed Settlement of the Action should be finally approved as fair, reasonable, and adequate, and whether the Final Judgment

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

approving the Settlement and dismissing all claims in the Action on the merits, with prejudice and without leave to amend should be entered.

11.     The Court hereby finds that approval of the Agreement and the Settlement embodied therein will result in substantial savings of time and money to the Court and the litigants and will further the interests of justice.

12.     The Court hereby finds that the Proposed Settlement is the result of good faith arm's length negotiations by the Parties thereto, and is fair, reasonable, and adequate.

NOW, THEREFORE, GOOD CAUSE APPEARING THEREFOR, IT IS ORDERED, ADJUDGED AND DECREED THAT:

13.     The Court possesses jurisdiction over the subject matter of this Action, the Named Plaintiff, the Settlement Class Members, Esurance, the Releasing Parties and the Released Persons.

14.     _____ Settlement Class Members have filed requests for exclusion.  All remaining Settlement Class Members are therefore bound by this Final Judgment and by the Agreement and the Settlement embodied therein, including the Releases.

15.     All provisions and terms of the Settlement are hereby found to be fair, reasonable and adequate as to the Settlement Class Members and the Named

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

Plaintiff, and all provisions and terms of the Settlement are hereby finally approved in all respects.

16.    The Parties are hereby directed to consummate the Settlement in accordance with its terms.

17.    The Class Claims in this Action are dismissed in their entirety, on the merits, with prejudice and without leave to amend, and all members of the Settlement Class, the Releasing Parties, and any of their respective heirs, executors, administrators, partners, agents, and the successors and assigns of each of them, shall be forever barred and permanently enjoined from asserting, either directly or indirectly, individually, or in a representative capacity or on behalf of or as part of a class, and whether under State or Federal statutory or common law, any Released Claim against any Released Person.

18.    As of the Effective Date, by operation of the entry of the Final Judgment, each Settlement Class Member shall be deemed to have fully released, waived, relinquished and discharged, to the fullest extent permitted by law, all Released Claims that the Released Parties may have against all the Released Persons.

19.    "Released Claims" means and includes any and all known and unknown claims, rights, demands, allegations, actions, suits or causes of action of whatever kind or nature, whether *ex contractu* or *ex delicto*, debts, liens, liabilities,

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

agreements, interests, costs, expenses, attorneys' fees, losses or damages (whether actual, consequential or treble) statutory, common law or equitable, including but not limited to breach of contract, bad faith or extra-contractual claims, and claims for punitive or exemplary damages, or prejudgment or postjudgment interest, arising from or relating in any way to Esurance's alleged failure to pay any or sufficient Vehicle Sales Tax to Plaintiff and all Settlement Class Members with respect to any Settlement Class Member Claims for a total loss vehicle during the Class Period under an automobile insurance policy issued by Esurance based on any legal theory whatsoever relating to payment of Vehicle Sales Tax to the fullest extent of the law and res judicata and/or claim preclusion protections. Released Claims do not include any claim for enforcement of the contemplated Settlement Agreement and/or Final Order and Judgment. Released Claims also do not include any claims, actions, or causes of action alleging that Esurance failed to properly calculate the value of total loss vehicles except to the extent that such claims, actions, or causes of action relate to failure to pay any or sufficient Vehicle Sales Tax.

20.     "Released Persons" means Esurance, as defined in the Agreement, and any of its parents, subsidiaries, affiliates, past, present or future officers, stockholders, attorneys, insurers, reinsurers, excess insurers, directors, agents, employees and/or independent contractors, and/or any other successors, assigns,

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

divisions, or legal representatives thereof, and on behalf of any other Person or entity who or which might be liable on the basis of any conduct by any of the foregoing.

21.     Releasing Parties means the Named Plaintiff and the Settlement Class Members, and their heirs, predecessors, successors, assigns, family members, personal representatives, attorneys, officers, stockholders, shareholders, principals, owners, agents, fiduciaries, spouses, children, dependents, parents, creditors, judgment creditors, representatives, employees, employers, executors, administrators, conservators, receivers, subrogees, trusts, trustees,  members, servants, independent contractors, lessors, lessees, executors, administrators, insurers, reinsurers, underwriters, directors and/or past, present and/or future parent, subsidiaries and/or affiliated corporations, partnerships and/or other entities, and on behalf of any other Person or entity who or which could or might assert any claim under or through any of the foregoing.

22.     "Unknown Claims" means any unknown Released Claims arising out of facts found hereafter to be other than or different from the facts now believed to be true and relating to Vehicle Sales Tax to the full extent permitted by law and to the full extent of res judicata and/or claim preclusion protection.

23.     It is hereby determined that the Notice Plan and the Class Notice constituted the best notice practicable under the circumstances to all members of

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

the Settlement Class and is therefore finally approved as reasonable. Due and adequate notice of the pendency of this Action and of the Settlement has been provided to all the Settlement Class Members, and this Court hereby finds that the Class Notice complied fully with the requirements of due process, the Federal Rules of Civil Procedure and all other applicable laws.

24.   Within 30 days after all of Esurance's obligations under this Settlement are effectuated, Class Counsel and/or other attorneys for the Named Plaintiff in this Action, or any Settlement Class Member or their counsel, shall destroy all Proprietary Information provided by Esurance to Class Counsel or anyone they employed or retained in this Action, either in discovery or in connection with this Agreement. Class Counsel shall deliver a letter to Esurance's counsel certifying their compliance with this Paragraph. Further, neither Class Counsel, nor anyone employed with, retained by, or otherwise associated with Class Counsel, nor any other attorney or Person who shall have access to this information, shall use any of this Proprietary Information in any other litigation or proceeding, current or future, or for any other purpose whatsoever.

25.   The Agreement, the Settlement and this Final Judgment are not to be deemed admissions of liability or fault by Esurance, or a finding of the validity of any claims in the Action or of any wrongdoing or violation of law by Esurance. The Agreement and Settlement are not a concession by the Parties and, to the

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

extent permitted by law, neither this Final Judgment nor the Settlement, nor any of

its terms or provisions, nor any of the negotiations or proceedings connected with

it, shall be utilized or offered as evidence or received in evidence in any pending or

future civil, criminal, or administrative action or proceeding, for any purpose

including to establish any liability or admission by any of the Released Persons,

except in any proceedings brought to enforce the Agreement or the Final Judgment

otherwise with the written consent of Esurance at its sole discretion.  Nor may this

Agreement be construed in any fashion as precedent for any matter similar to the

instant one, or used as evidence of any kind, by any person or entity, in any action

or proceeding against the Released Parties, as this Agreement has been entered into

based on the particular facts of this matter alone.  However, Esurance may use the

Agreement or the exhibits thereto, and the Settlement, and/or any related

document, in any action that may be brought against it in order to support a

defense or counterclaim based on principles of *res judicata*, collateral estoppel,

release, good faith settlement, judgment bar or reduction, or any other theory of

claim preclusion or issue preclusion relating to the Released Claims set out in the

Agreement.

26.    Class Counsel agree that any representation, encouragement,

solicitation or other assistance, including, but not limited to, referral to other

counsel, of any opt-out or any other person seeking to litigate with any of the

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

Released Persons over any of the Released Claims or to represent any form of opt-out class, could place Class Counsel in an untenable conflict of interest with the Class.  Accordingly, Class Counsel and their respective firms agree (only to the extent that it is otherwise not violative of any applicable rules governing the practice of law) not to represent, encourage, solicit or otherwise assist, in any way whatsoever (including, but not limited to referrals to other counsel) any opt out or any form of opt-out class, except that referring such person to the Notice or suggesting to any such person the option of obtaining separate counsel, without specifically identifying options for such counsel, shall be permitted.

27.     The Court has considered the request for a Class Representative award, and hereby approves and awards the Named Plaintiff, Marie Romaniak, the amount of $5,000, to be paid by Esurance.

28.     The Court has considered Class Counsel's request for an Attorneys' Fees award and a Class Representative Fee Award for the prosecution of this action, and hereby makes an Attorneys' Fees and costs award in the amount of $_____ , and a Service Award for the Class Representative in the amount of _____ to be paid by Esurance.

29.     This Final Judgment is a final order in the Action within the meaning and for the purposes of the Federal Rules of Civil Procedure as to all claims among Esurance on the one hand, and the Named Plaintiff, Class Representative and all

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

Settlement Class Members, on the other, and there is no just reason to delay enforcement or appeal.

30.     The Clerk of this Court is directed to enter a judgment of dismissal and close this case.

31.     Without in any way affecting the finality of this Final Judgment, this Court shall retain continuing jurisdiction over this Action for purposes of:

A.     Enforcing this Final Judgment, the Agreement and the Settlement;

B.     Hearing and determining any application by any Party to the Settlement for a settlement bar order; and

C.     Any other matters related or ancillary to any of the foregoing.

IT IS SO ORDERED.

DATED: _____, 2022

_____

Honorable _____

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARIE ROMANIAK, | ) | CASE NO: 1:20-CV-02773 |
| | ) | |
| Plaintiff, | ) | JUDGE:  PAMELA A. BARKER |
| | ) | |
| vs. | ) | |
| | ) | MAGISTRATE JUDGE:  WILLIAM H. |
| ESURANCE PROPERTY AND | ) | BAUGHMAN, JR. |
| CASUALTY INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## [PROPOSED] ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

WHEREAS, Plaintiff in the above-captioned Action has applied for an order, pursuant to Federal Rule of Civil Procedure 23, preliminarily approving the Settlement Agreement and Releases entered into between Plaintiff, Marie Romaniak, individually, and on behalf of the proposed Settlement Class, and Defendant Esurance Property and Casualty Insurance Company ("Esurance" or "Defendant") dated July ____, 2022, and this Court having reviewed the Agreement as submitted to the Court with the Unopposed Motion for Preliminary Approval of Class Action Settlement Approval (Doc. ____), the Court finds as follows:

WHEREAS, this Preliminary Approval Order incorporates the Agreement, and the terms used herein shall have the meaning and/or definitions given to them in the Agreement, as submitted to the Court with the Motion for Preliminary Approval.

NOW, THEREFORE, pursuant to Federal Rule of Civil Procedure 23(e), upon the agreement of the Parties, and after consideration of the Agreement, the Motion and Memorandum and their supporting exhibits,

IT IS HEREBY ORDERED as follows:

1

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

1.      The Court finds that the Agreement proposed by the Parties is fair, reasonable, and adequate and likely to be approved at a Final Approval Hearing such that giving Notice is justified. The representations, agreements, terms, and conditions of the Settlement, as embodied in the Agreement, are preliminarily approved pending a Final Approval Hearing on the Settlement as provided herein. The Settlement meets the considerations set forth in the amended Rule 23(e), as well as *UAW v. GMC*, 497 F.3d 615, 632 (6th Cir. 2007).

2.      The Settlement was negotiated with the assistance of mediator Benjamin W. Newman, and appears to be the result of extensive, arm's length negotiations between the Parties after Class Counsel and Esurance's Counsel had investigated the claims, litigated essential matters regarding the claims, and become familiar with the strengths and weaknesses of the claims. The Settlement appears not to be collusive, to have no obvious defects, and to fall within the range of reasonableness.

3.      The Court finds that it will likely certify at the Final Approval stage a Settlement Class, for purposes of the Settlement only, consisting of:

> All Insureds, under any Ohio automobile insurance policy issued by Esurance Property and Casualty Insurance Company and its subsidiaries or related insurance companies with the same operative policy language covering a vehicle with auto physical damage coverage for comprehensive or collision loss where such vehicle was declared a total loss, who made a first-party claim for total loss, and whose claim was adjusted as a total loss, within the eight year time period prior to the date on which this lawsuit was filed until the date of any class certification order and who are mailed class notice and who do not timely opt out from the settlement class.

Excluded from the Settlement Class are:

1) Esurance, all present or former officers and/or directors of Esurance, the Settlement Administrator, the Mediator, the Neutral Evaluator, Class Counsel, and any Judge of this Court;
2) Individuals with claims for which Esurance received a valid and executed release;
3) Individuals who are not on the Notice list and who did not submit a valid Claim Form or Electronic Claim Form for payment under this Settlement Agreement;
4) Individuals who request exclusion from the Class; and

2

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

5) Individuals whose claims for first-party property damage for which the individual process of appraisal or arbitration or a lawsuit has been completed or initiated at the time this Settlement Agreement is filed.

The Court finds that this Settlement Class meets the relevant requirements of Federal Rule of Civil Procedure 23(a) and (b)(3) in that, for settlement purposes: (a) the number of Settlement Class members is so numerous that joinder is impracticable; (b) there are questions of law and fact common to the Settlement Class members; (c) the claims of the Class Representative are typical of the claims of the Settlement Class members; (d) the Class Representative is an adequate representative for the Settlement Class, and has retained experienced counsel to represent her; (e) the questions of law and fact common to the Settlement Class members predominate over any questions affecting any individual Settlement Class member; and (f) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.  The Court therefore preliminarily certifies the proposed Settlement Class.

4.     For purposes of the Settlement only, the Court finds and determines that it will likely find at the Final Approval stage, pursuant to Federal Rule of Civil Procedure Rule 23(a)(1), that Plaintiff, Marie Romaniak, will fairly and adequately represent the interests of the Settlement Class in enforcing their rights in the Action, and therefore appoints her as the Class Representative.

5.     For purposes of the Settlement only, and pursuant to Federal Rule of Civil Procedure 23(a)(1), the Court appoints the following as Class Counsel to act on behalf of the Settlement Class and the Class Representative with respect to the Settlement:

Amy L. Judkins
NORMAND PLLC
3165 McCrory Place, Suite 175
P.O. Box 140036
Orlando, FL 32803
Telephone: 407-603-6031
Fax: 888-974-2175
amy.judkins@normandpllc.com

Stuart Scott, Esq.
SPANGENBERG SHIBLEY &
LIBER LLP
1001 Lakeside Avenue East
Suite 1700
Cleveland, OH 44114
216-600-0114
sscott@spanglaw.com

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

Chris Gold, Esq.
EDELSBERG LAW, P.A.
20900 NE 30th Avenue
Suite 417
Aventura, FL 333180
305-975-3320
scott@edelsberglaw.com

Andrew Shamis, Esq.
SHAMIS & GENTILE, P.A.
14 NE 1st Avenue
Suite 705
Miami, FL 33132
305-479-2299
ashamis@shamisgentile.com

6.     Epiq Systems, Inc. ("Epiq") is appointed as Settlement Administrator to administer the Notice Program and shall abide by the terms and conditions of the Agreement that pertain to the Settlement Administrator.

7.     Pursuant to the recently amended Fed. R. Civ. P. 23(e), the terms of the Agreement (and the Settlement provided for therein) are preliminarily approved and likely to be approved at the Final Approval Hearing because:

> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
> > (i) the costs, risks, and delay of trial and appeal;
> > (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims, if required;
> > (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and
> > (iv) any agreement required to be identified under Rule 23(e)(3); and
> (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

8.     Having reviewed the proposed Notice Program, including the Mailed Notice, Email Notice, Long Form Notice and Electronic Claim Form submitted by the Parties as *Exhibits C-F*, respectively, to the Motion for Preliminary Approval, the Court approves, as to general form and content, such Notices for the purpose of notifying the Settlement Class as to the proposed Settlement, the Final Approval Hearing, and the rights of the members of the Settlement Class. Those Notices contain all of the essential elements necessary to satisfy the requirements of federal

4

law, including the Federal Rules of Civil Procedure and federal and state due process provisions, including the class definition, the identities of the Parties and their counsel, a summary of the terms of the proposed settlement, information regarding the manner in which objections may be submitted and the deadline for doing so, information regarding opt-out procedures and deadlines, and the date and location of the Final Approval Hearing.  Not all Settlement Class members will receive all forms of Notice, as detailed in the Agreement.

9.     The Court directs the Settlement Administrator to effectuate Notice to the Settlement Class in accordance with the Notice Program. The Notices shall be updated by the Settlement Administrator to include the date and time of the Final Approval Hearing as set forth below.  The Court finds and determines that Notices constitute the best notice practicable under the circumstances, constitute due and sufficient notice of the matters set forth in the notices to all persons entitled to receive such notices, and fully satisfiy the requirements of due process, the Federal Rules of Civil Procedure, and all other applicable law and rules.

10.     Any person falling within the definition of the Settlement Class may, upon request, be excluded or "opt-out" from the Settlement Class.  In the event a Settlement Class member wishes to be excluded from the Settlement and not to be bound by this Agreement, that person must sign and mail a notice of intention to opt-out of the Settlement to the Settlement Administrator.  The notice must be postmarked on or before the last day of the Opt-Out Deadline.  Any member of the Settlement Class who timely and properly requests exclusion in compliance with these requirements will thereafter be excluded from the Settlement Class, not become a Settlement Class Member, will not have any rights under the Settlement, will not be entitled to receive a Settlement Class Member Payment, and will not be bound by the Agreement or the Final Approval Order.  Any members of the Settlement Class who fail to submit a valid and timely opt-

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

out request shall be bound by all terms of the Agreement and the Final Approval Order, regardless of whether they have requested to be opted-out from the Settlement. If the Policyholder submits the opt-out request, then all insureds on the Esurance automobile policy shall be deemed to have opted-out of the Settlement with respect to that policy, and the Policyholder and insured shall not be entitled to a payment under the Settlement.

11. Any Settlement Class Member who wishes to object to the Settlement, Class Counsel's application for Class Counsel Fees or a Service Award for the Class Representative, or to appear at the Final Approval Hearing and show cause, if any, why the Settlement should not be approved as fair, reasonable, and adequate to the Settlement Class, or why a final judgment should not be entered thereon, may do so. A valid objection must include: (a) the name of the Action; (b) the objector's full name, address and telephone number; (c) all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel; (d) the number of times the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case; (e) the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application; (f) the number of times in which objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date that objector filed the objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

counsel's law firm have objected to a class action settlement within the preceding five years; (g) any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity; (h) the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing; (i) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; (j) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and (k) the objector's signature (an attorney's signature is not sufficient). The Parties must file any briefs in response to any objection on or before 10 days prior to the date of the Final Approval Hearing.  Class Counsel and/or Esurance may conduct limited discovery on any objector consistent with the Federal Rules of Civil Procedure.  Any Settlement Class Member who does not make his or her objections in the manner and by the Objection Deadline shall be deemed to have waived any objection(s), and shall be forever barred from raising such objections in this or any other action or proceeding, absent further order of the Court.

12.     The Notices shall be updated by the Settlement Administrator to include the Opt-Out Deadline and Objection Deadline.

13.     Prior to the Final Approval Hearing, (i) Class Counsel shall file with the Court and serve on all Parties a declaration of the Settlement Administrator certifying that the Notice Program was completed, describing how the Notice Program was completed, providing the names of each Settlement Class member who timely and properly requested exclusion from the Settlement Class or served objections, detailing the number of Claim Forms that were timely and validly submitted, and other information as may be necessary to allow the Parties to seek and obtain Final Approval; and (ii) Esurance shall confirm that notice was provided to the appropriate government entities in accordance with the Class Action Fairness Act of 2005 ("CAFA"), 28

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

U.S.C. § 1715.

14.     All pretrial proceedings in this action are stayed and suspended until further order of this Court, except such actions as may be necessary to implement the Agreement and this Preliminary Approval Order.

15.     Upon the entry of this Preliminary Approval Order, the Class Representative and all members of the Settlement Class shall be provisionally enjoined and barred from asserting any claims against Esurance and the Released Parties arising out of, relating to, or in connection with the Released Claims prior to the Court's decision as to whether to grant Final Approval of the Settlement.

16.     This Settlement, and any and all negotiations, statements, documents, and/or proceedings in connection with the Settlement, shall not be construed or deemed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability, or wrongdoing of any kind whatsoever. Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by the Plaintiff or Settlement Class members, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission of any of the Released Parties, in the Action or in any proceeding in any court, administrative agency, or other tribunal.

17.     For the benefit of the Settlement Class and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over the Settlement proceedings to ensure the effectuation thereof in accordance with the Settlement preliminarily approved herein and the related orders of this Court.

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

18.     Class Counsel and Esurance's Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Preliminary Approval Order or the Agreement, including making, without the Court's further approval, minor form or content changes to the Notices they jointly agree are reasonable or necessary.

19.     A Final Approval Hearing will be held in the Courtroom of Chief Judge Pamela A. Barker, _____, on _____, 2022 at _____, to determine: (a) whether the Settlement should be approved as fair, reasonable, and adequate to the Settlement Class; (b) whether the Final Approval Order should be entered in substance materially the same as the Final Approval Order submitted by the Parties with the Motion for Final Approval; (c) whether to approve Class Counsel's application for attorneys' fees, and for a Service Award for the Class Representative; and (d) any other matters that may properly be brought before the Court in connection with the Settlement. The Final Approval Hearing is subject to continuation or adjournment by the Court without further notice to the Settlement Class. The Court may approve the Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class. The Parties must file all moving papers and briefs in support of Final Approval, inclusive of Class Counsel's application for attorneys' fees, and for a Service Award for the Class Representative, no later than 45 days before the date set forth herein for the Final Approval Hearing.

20.     The Court hereby sets the following schedule of events:

| EVENT | PROPOSED DUE DATE |
|---|---|
| Send Mailed Notice and Email Notice | 60 days after Preliminary Approval |
| Send Second Email Notice | At a date to be determined by the Settlement Administrator |
| Plaintiff's Motion for Final Approval | 15 days before Final Approval Hearing |

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

| Opt-Out Deadline | 30 days before Final Approval Hearing |
| Objection Deadline | 30 days before Final Approval Hearing |
| Final Approval Hearing | Week of _____ (or as soon thereafter, as is convenient for the Court) |
| Claims Deadline | 15 days after Final Approval Hearing |

**IT IS SO ORDERED.**

**DATED: July ___, 2022**

_____

PAMELA A. BARKER
UNITED STATES DISTRICT JUDGE

10

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85

Blank Claim Form

## CLAIM FORM
*Romaniak v. Esurance*

To submit a claim, please: (1) provide your full name; (2) provide *either* your Esurance policy number or your Esurance claim number for your total loss claim; (3) provide your address; (4) sign and date this form; and (5) submit the completed form online no later than ___ or mail the completed form postmarked on or before ___ to the following address:

> Romaniak v. Esurance Settlement Claims Administrator
> P.O. Box ___
> City, State Zip

Name: _____

Esurance Policy Number: _____
**OR**
Esurance Total Loss Claim Number: _____

Address: _____

           _____

           _____
           (city)                (state)      (zip)

**AFFIRMATION (required):** ): By signing below, I certify under oath that I am the person who made the insurance claim identified above or I am the legally authorized personal representative, guardian or trustee of the person who made the insurance claim identified above, that the information on this Claim Form is true and correct, that I am entitled to the relief requested in this Claim Form and that I have not previously received a full Vehicle Sales Tax payment from Esurance on my underlying total loss claim (subject to verification by Esurance).

Signature:_____ Dated_____

Name (please print): _____

**To be considered, this Claim Form must be submitted online no later than _____ or mailed
to the above address postmarked no later than _____.**

Doc ID: e37c80dfe39462418486bf22197359a8bb3a2e85



Audit Trail

| | |
|---|---|
| **TITLE** | Updated Retainer Agreement Marie A Romaniak v. Esurance... |
| **FILE NAME** | content |
| **DOCUMENT ID** | e37c80dfe39462418486bf22197359a8bb3a2e85 |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Signed |

This document was requested from sflinjuryattorneys.lightning.force.com

## Document History

**SENT**
07 / 12 / 2022
17:55:13 UTC

Sent for signature to Marie A Romaniak (yoosha54@yahoo.com)
and Chris Gold (chris@edelsberglaw.com) from
gpalacios@shamisgentile.com
IP: 134.56.253.48

**VIEWED**
07 / 12 / 2022
17:58:18 UTC

Viewed by Chris Gold (chris@edelsberglaw.com)
IP: 104.53.174.54

**VIEWED**
07 / 12 / 2022
17:58:23 UTC

Viewed by Marie A Romaniak (yoosha54@yahoo.com)
IP: 68.99.55.69

**SIGNED**
07 / 12 / 2022
17:58:40 UTC

Signed by Chris Gold (chris@edelsberglaw.com)
IP: 104.53.174.54

**SIGNED**
07 / 12 / 2022
17:59:03 UTC

Signed by Marie A Romaniak (yoosha54@yahoo.com)
IP: 68.99.55.69

**COMPLETED**
07 / 12 / 2022
17:59:03 UTC

The document has been completed.

Powered by HELLOSIGN