IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MARIE ROMANIAK,** | ) | CASE NO: 1:20-CV-02773 |
| | ) | |
| Plaintiff, | ) | JUDGE:  PAMELA A. BARKER |
| | ) | |
| vs. | ) | |
| | ) | |
| **ESURANCE PROPERTY AND** | ) | |
| **CASUALTY INSURANCE COMPANY,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

ORDER APPROVING SETTLEMENT
AND JUDGMENT OF DISMISSAL WITH PREJUDICE

Plaintiff Marie Romaniak, individually and on behalf of the proposed Settlement Class, and Defendant Esurance Property and Casualty Insurance Company have agreed, subject to approval by the Court, to settle the instant action upon the terms and conditions in the Settlement Agreement located at Doc. No. 41-2.

On January 3, 2023, Plaintiff filed an Unopposed Motion for Final Approval of Class Settlement, in which the parties request that the Court: (1) certify the proposed class for settlement purposes; (2) approve the Class Action Settlement Agreement located at Doc. No. 41-2; (3) find that Notice to the Settlement Class was fair, adequate, and comported with due process; and (4) enter an order finally approving the Settlement and of Final Judgment of Dismissal with Prejudice.  (Doc. No. 46.)  Plaintiff also filed an Unopposed Motion for Attorney Fees, Costs & Service Award.  (Doc. No. 45.)

The Court conducted an in-person Final Approval Hearing on April 5, 2023.  Appearing on behalf of the Named Plaintiff and the Settlement Class was Jacob Phillips, Normand PLLC

("Class Counsel"). Appearing on behalf of Defendants were Gregory R. Farkas, Frantz Ward, 200 Public Square, Suite 3000, Cleveland, OH 44114 and Mark L. Hanover, Dentons US LLP, 233 South Wacker Drive, Suite 5900, Chicago, Illinois 60606. In addition, Charles Marr of Epiq Class Action & Claims Solutions, Inc. participated telephonically on behalf of the Settlement Administrator.

For the reasons stated below, Plaintiff's Unopposed Motions for Final Approval and for Attorney Fees, Costs, & Service Award (Doc. Nos. 45, 46) are GRANTED as set forth herein.

WHEREAS, the Named Plaintiff, Marie Romaniak, on behalf of herself and the proposed Settlement Class, and Defendant, Esurance Property and Casualty Insurance Company, individually and on behalf of all affiliated entities (collectively, "Esurance," as defined in the Agreement), have executed and filed the Agreement with the Court on August 29, 2022 (Doc. No. 41-2); and

WHEREAS, all capitalized terms used herein shall have the same meaning as set forth in the Agreement and are hereby incorporated by reference, and this Order incorporates by reference the definitions in the Agreement; and

WHEREAS, the Court, on September 12, 2022, entered the Order Re: Preliminary Approval of Settlement and Approval of Notice of Pendency of Settlement of Class Action to Class Members ("Preliminary Approval Order") (Doc. No. 44), preliminarily approving the Proposed Settlement and conditionally certifying this Action, for settlement purposes only, as a class action under Fed. R. Civ. P. 23; and

WHEREAS, Marie Romaniak was approved in the Preliminary Approval Order as the Class Representative; and

WHEREAS, the Court, as part of its Preliminary Approval Order, directed that a plan for disseminating notice of the settlement ("Notice Plan") be implemented, and scheduled a hearing to be held on January 24, 2023, to determine whether the Proposed Settlement should be approved as fair, reasonable and adequate; and

WHEREAS, the Court ordered the parties to send a Curative Notice to Class Members to correct certain incorrect information that was inadvertently posted on the Settlement Website regarding the requirements for filing objections (Doc. No. 52) (hereinafter "the Curative Notice Plan"); and

WHEREAS, the Court cancelled the January 24, 2023 Fairness Hearing and reset it for April 5, 2023; and

WHEREAS, Esurance and Class Counsel have satisfactorily demonstrated to the Court that the Notice Plan and Curative Notice Plan were followed; and

WHEREAS, a Final Fairness Hearing was held on April 5, 2023, at which all interested persons were given an opportunity to be heard, and at which there were no objections lodged to the Settlement; and

Having read and considered the Agreement (Doc. No. 41-2) and the exhibits thereto, and having read and considered all other papers filed and proceedings had herein, and being otherwise fully informed, and with good cause appearing, the Court finds as follows:

1. This Order incorporates by reference and utilizes the definitions in the Agreement (Doc. No. 41-2).

2. The Court has jurisdiction over the subject matter of this Action and over all Parties to this Action.

3. The Complaint filed in this Action alleges generally that Esurance improperly failed to pay Vehicle Sales Tax when adjusting total loss claims in Ohio.

4. The Court approves the Agreement located at Doc. No. 41-2, and finds the Settlement to be fair, reasonable, and adequate to the Settlement Class, but such finding is not to be deemed an admission of liability or fault by Esurance or by any other Person, or a finding of the validity of any claims asserted in the Action or of any wrongdoing or of any violation of law by Esurance.

5. The Court appoints Marie Romaniak as Class Representative, and Normand PLLC, Edelsberg Law, P.A., Shamis & Gentile, P.A., and Spangenburg, Shibley, and Liber, LLP as Class Counsel.

6. The Court finds that the Class Action Fairness Act Notice given by the Settlement Administrator on behalf of Esurance was in full compliance with 28 U.S.C. § 1715(b). *See* Doc. No. 47.

7. As discussed in more detail below, the Court finds the Class Notice constituted the best notice practicable under the circumstances, by providing individual notice on two occasions to all Class Members who were identified through reasonable effort, and constituted valid and sufficient notice to all Persons entitled thereto, complying fully with the requirements of Fed. R. Civ. P. 23 and due process. The Court further finds that any defects in the incorrect versions of the Long Form Notice and Settlement Agreement that were inadvertently posted on the Settlement Website were cured through the Curative Notice Plan, which included an additional opportunity for Class Members to opt out or object to the Settlement. (Doc. No. 52.)

8. The Court reaffirms and appoints Epiq, LLC as the Settlement Administrator.

9. Consistent with the Agreement, the Court certifies for purposes of settlement the following Settlement Class:

> All Insureds, under any Ohio automobile insurance policy issued by Esurance and its subsidiaries or related insurance companies with the same operative policy language covering a vehicle with auto physical damage coverage for comprehensive or collision loss where such vehicle was declared a total loss, who made a first-party claim for total loss, and whose claim was adjusted as a total loss, within the eight year time period prior to the date on which this lawsuit was filed until the date of any class certification Preliminary Approval Order and who are mailed the Class Notice and who do not timely opt out from the Settlement Class (the "Settlement Class Members").

10. Those who are excluded from the Settlement Class are set forth in the Agreement at Paragraph 34.

11. For purposes of Settlement, the threshold requirements and Rule 23 requirements for class certification are met. Plaintiff possesses Article III standing and the proposed Settlement Class is adequately defined and clearly ascertainable. The Settlement Class is adequately defined because the class definition is clear and precise, is based on objective criteria, and, because it only includes insureds who also suffered redressable harm, so it is not overbroad.

12. For purposes of settlement, the Class is sufficiently numerous (comprised of over 7,000 members), there are questions of law and fact common to the Settlement Class, Plaintiff's claim is typical of the Settlement Class, and both Plaintiff and Class Counsel are adequate representatives of the Settlement Class. *See generally In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 850 (6th Cir. 2013) (to certify a class, Rule 23(a) requirements of numerosity, commonality, typicality, and adequacy must be satisfied).

13. For purposes of settlement, questions common to the class predominate over any individual questions, and class treatment is superior to alternative forms of adjudication. *See In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d at 858 (predominance and superiority requirements must be met to certify a class under Rule 23(b)(3)).

14. The Named Plaintiff and Esurance have entered into the Agreement (Doc. No. 41-2) which has been filed with the Court. The Agreement provides for the Settlement of this Action with Esurance on behalf of the Named Plaintiff and the Settlement Class Members, subject to approval by the Court of its terms. The Court conduced a hearing on August 9, 2022 to consider the preliminary approval of the Settlement and directed that the Class Notice be disseminated in accordance with the terms of the Preliminary Approval Order. (Doc. Nos. 36, 37.)

15. Esurance's counsel and Class Counsel confirmed to the Court that the Parties complied with the Notice Plan approved by this Court. However, upon review, the Court determined that the parties inadvertently posted incorrect versions of the Long Form Notice and Settlement Agreement on the Settlement Website. *See* Doc. No. 50. The Court conducted a status conference with counsel on January 20, 2023, at which time the Court directed the parties to submit a "joint proposed communication with class members regarding reopening the objection and opt-out period in this matter, and the reasons therefor." *See* Minute Order dated January 20, 2023. On January 31, 2023, the Court issued an Order approving the parties' Curative Notice located at Doc. No. 51-1 and directing that it be sent to Class Members as set forth therein. (Doc. No. 52.) Pursuant to the Curative Notice and this Court's Order, Class Members were provided another opportunity to opt out or object to the Settlement, by no later than March 6, 2023. (*Id.*)

16. On March 16, 2023, the Settlement Administrator filed a Declaration indicating that the Curative Notice located at Doc. No. 51-1 was sent to Class Members in accordance with this Court's January 31, 2023 Order. (Doc. No. 53.) At the Court's request, the Settlement Administrator filed a Supplemental Declaration on April 3, 2023, addressing certain questions raised by the Court. (Doc. No. 55.) Upon review, the Court is satisfied that the Curative Notice was properly disseminated to Class Members.

17. Accordingly, the Court hereby finds that the Class Notices, the Notice Plan, and the approved Curative Notice constituted the best notice practicable under the circumstances, and constituted valid, due and sufficient notice to members of the Settlement Class.

18. The Named Plaintiff and Esurance have applied to the Court for final approval of the terms of the Proposed Settlement and for the entry of this Final Judgment. (Doc. Nos. 45, 46.) Pursuant to the Class Notice, a Final Approval hearing was held before this Court, on April 5, 2023, to determine whether the Proposed Settlement of the Action should be finally approved as fair, reasonable, and adequate, and whether the Final Judgment approving the Settlement and dismissing all claims in the Action on the merits with prejudice should be entered.

19. There is a strong federal policy "favoring settlement of class actions." *UAW v. General Motors Corp.*, 497 F.3d 615, 633 (6th Cir. 2007). The Court finds that the requirements set forth in Fed. R. Civ. P. 23(e)(2)(A) and (B) are satisfied. First, given the extensive discovery and dispositive motion litigation that occurred prior to settlement discussions (and the Declarations of Class Counsel submitted in connection with the instant Settlement), the Court is satisfied that Ms. Romaniak and Class Counsel possessed sufficient information and knowledge of the claims, issues, and defenses prior to negotiating and settling the claims. *See* Decl. of Jacob Phillips (Doc. No. 45-1); Decl. of Christopher Gold (Doc. No. 30-2).

20. Second, the Court concludes that the negotiations, which occurred under the direction of Ben Newman, a well-respected mediator, were conducted at arm's length. *See generally Bert v. AK Steel Corp.*, 2008 WL 4693747 at *2 (S.D. Ohio Oct. 23, 2008) ("The participation of an independent mediator in settlement negotiations virtually [e]nsures that the negotiations were conducted at arm's length and without collusion between the parties").

21. The Court also finds that the factors set forth in Fed. R. Civ. P. 23(e)(2)(C)-(D) weigh in favor of approval. Rule 23(e)(2)(C) and (D) establish four substantive factors relevant to the class settlement analysis: (1) the costs, risks, and delay of trial and appeal, (2) the effectiveness of any proposed method of claim distribution, (3) the terms of any proposed award attorneys' fees, and (4) whether class members are treated equitably vis a vis each other.

22. With regard to the first factor, the Court finds that the likelihood of success absent settlement is uncertain, given several appellate courts, including the Sixth Circuit, have issued opinions which appear to support Defendant's position (although Plaintiff believes they are not directly on point). *See Wilkerson v. Am. Family Ins. Co.*, 997 F.3d 666 (6th Cir. 2021); *Sigler v. Geico Cas. Co.*, 967 F.3d 658 (7th Cir. 2020). Given this uncertainty, the benefits secured through the Settlement Agreement—which constitute the making available of nearly 100% of the damages that could have been secured at trial—are eminently reasonable. *Cf. In re Polyurethane Foam Antitrust Litig.*, 2015 WL 1639269 at * 5 (N.D. Ohio Feb. 26, 2015) ("A settlement figure that equates to roughly 18 percent of the best-case-scenario classwide overcharges is an impressive result in view of these possible trial outcomes.").

23. With regard to the second factor, the claim-processing method is straightforward, requiring Class Members to attest to a pre-filled, postage-prepaid Claim Form. As such, Rule 23(e)(2)(C)(ii)—the Court finds that the method for "distributing relief" and "processing class-members claims"—weighs in favor of approval. *See Cook v. Gov't Emples. Ins. Co.*, 2020 U.S. Dist. LEXIS 111956 at *22 (M.D. Fla. June 22, 2020) (finding that where "Settlement Class Members merely had to sign an attestation confirming the prefilled information was correct (including the address) or update the address[,]" Rule 23(e)(2)(C)(ii) favored approval); *Manjunath A. Gokare, P.C. v. Fed. Express Corp.*, 2013 WL 12094870 at *8 (W.D. Tenn. Nov.

22, 2013) (approving a settlement where "the claim form is extremely simple, includes a postage-paid, pre-addressed envelope and does not require Settlement Class Members to…provide any back-up documentation.").

24. With regard to the third factor, Class Counsel has represented that the Parties did not discuss attorneys' fees until after agreement was reached concerning the substantive terms of the Agreement and Esurance agreed to separately pay attorneys' fees and costs—meaning Class Members' recoveries will not be impacted or reduced in any way—which counsels in favor of approval. *See Hicks v. State Farm Fire & Cas. Co.*, 2021 WL 8269349 at * 4 (E.D. Ky. Nov. 8, 2021) (finding that Rule 23(e)(2)(C)(iii) favored settlement "particularly given the fact the fee will not reduce the amount the class members receive"), report and recommendation adopted, 2021 WL 5507032 (E.D. Ky. November 24, 2021).

25. Moreover, the substantive factors set forth in *UAW v. General Motors Corp*, 497 F.3d 615, 631 (6th Cir. 2007) and *Does 1-2 v. Déjà vu Services, Inc.*, 925 F.3d 886, 894-895 (6th Cir. 2019) that do not overlap with Fed. R. Civ. P. 23(e)(2)—i.e., the opinions of class counsel, the public interest, and the reaction of absent class members— also weigh in favor of approval.

26. Class Counsel have averred that they are familiar with Esurance's data systems and business practices and procedures, and it is their well-considered opinion that the proposed Settlement is favorable to the Settlement Class. *See Brent v. Midland Funding, LLC*, 2011 WL 3862363 at * 18 (N.D. Oh. Sep. 1, 2011) ("The Court gives great weight to the recommendation of experienced counsel for the parties in evaluating the adequacy of the settlement.").

27. Additionally, the public interest favors preliminary approval because "settlement fosters the goals of certainty, finality and economy, which lie at the heart of our general preference for settlement of class actions." *Berry v. School Dist.*, 184 F.R.D. 93, 106 (W.D. Mich. 1998).

28. With regard to the reaction of absent class members, the Court finds as follows. As of March 16, 2023, (ten days after the renewed deadline to opt out or object expired), the Settlement Administrator has not received a single Objection to the terms of the Settlement. (Doc. No. 46 at pp. 2-3, Doc. No. 48, Doc. No. 53.) Further, as of March 16, 2023, the Settlement Administrator has received a total of only eight requests by Class Members to opt out.[1] (Doc. No. 53.) Given that the class consists of over 7,000 Class Members, the Court finds that this is strong evidence in support of the fairness and reasonableness of the Settlement terms. *See generally Amos v. PPG Indus.*, 2019 WL 3889621 at *10 (S.D. Oh. Aug. 16, 2019) ("[N]o objections were filed, which creates the inference that all or most of the class members had no concerns about the proposed settlement. This positive response weighs in favor of approving the settlement."), *report and recommendation adopted,* 2019 WL 3980570 (S.D. Ohio Aug. 22, 2019).

29. Accordingly, and for all the reasons set forth above, Plaintiff's Unopposed Motion for Final Approval (Doc. No. 46) is **GRANTED**. The Court **GRANTS FINAL APPROVAL OF** the Settlement Agreement located at Doc. No. 41-2, and the Parties are hereby directed to consummate the Settlement Agreement in accordance with its terms.

30. The Class Claims in this Action are dismissed in their entirety, on the merits, with prejudice and without leave to amend, and all members of the Settlement Class, the Releasing Parties, and any of their respective heirs, executors, administrators, partners, agents, and the successors and assigns of each of them, shall be forever barred and permanently enjoined from asserting, either directly or indirectly, individually, or in a representative capacity or on behalf of

---

[1] As stated during the Final Approval Hearing on April 5, 2023, the Court grants the opt-out requests of the following individuals: (1) Emily Bradford; (2) Heather M. Denny; (3) Roy Krasky; (4) Dennis Bauer; (5) Crystal Preston; (6) Amanda Grace Owens; (7) Jennifer Bush; and (8) Galatia Elliot. These individuals shall not be included as part of the Settlement Class or be eligible to collect any payments under the Settlement Agreement. They shall retain all their rights against Esurance.

or as part of a class, and whether under State or Federal statutory or common law, any Released Claim against any Released Person.

31.     As of the Effective Date, by operation of the entry of the Final Judgment, each Settlement Class Member shall be deemed to have fully released, waived, relinquished and discharged, to the fullest extent permitted by law, all Released Claims that the Released Parties may have against all the Released Persons.

32.     As set forth in Paragraph 23 of the Settlement Agreement (Doc. No. 41-2), "Released Claims" means and includes any and all known and unknown claims, rights, demands, allegations, actions, suits or causes of action of whatever kind or nature, whether *ex contractu* or *ex delicto*, debts, liens, liabilities, agreements, interests, costs, expenses, attorneys' fees, losses or damages (whether actual, consequential or treble) statutory, common law or equitable, including but not limited to breach of contract, bad faith or extra-contractual claims, and claims for punitive or exemplary damages, or prejudgment or post-judgment interest, arising from or relating in any way to Esurance's alleged failure to pay any or sufficient Vehicle Sales Tax to Plaintiff and all Settlement Class Members with respect to any Settlement Class Member Claims for a total loss vehicle during the Class Period under an automobile insurance policy issued by Esurance based on any legal theory whatsoever relating to payment of Vehicle Sales Tax to the fullest extent of the law and res judicata and/or claim preclusion protections.  Released Claims do not include any claim for enforcement of the contemplated Settlement Agreement and/or Final Order and Judgment. Released Claims also do not include any claims, actions, or causes of action alleging that Esurance failed to properly calculate the value of total loss vehicles except to the extent that such claims, actions, or causes of action relate to failure to pay any or sufficient Vehicle Sales Tax.

33. As set forth in Paragraph 24 of the Settlement Agreement (Doc. No. 41-2), "Released Persons" means Esurance, as defined in the Agreement, and any of its parents, subsidiaries, affiliates, past, present or future officers, stockholders, attorneys, insurers, reinsurers, excess insurers, directors, agents, employees and/or independent contractors, and/or any other successors, assigns, divisions, or legal representatives thereof, and on behalf of any other Person or entity who or which might be liable on the basis of any conduct by any of the foregoing.

34. As set forth in Paragraph 25 of the Settlement Agreement (Doc. No. 41-2), "Releasing Parties" means the Named Plaintiff and the Settlement Class Members, and their heirs, predecessors, successors, assigns, family members, personal representatives, attorneys, officers, stockholders, shareholders, principals, owners, agents, fiduciaries, spouses, children, dependents, parents, creditors, judgment creditors, representatives, employees, employers, executors, administrators, conservators, receivers, subrogees, trusts, trustees, members, servants, independent contractors, lessors, lessees, executors, administrators, insurers, reinsurers, underwriters, directors and/or past, present and/or future parent, subsidiaries and/or affiliated corporations, partnerships and/or other entities, and on behalf of any other Person or entity who or which could or might assert any claim under or through any of the foregoing.

35. As set forth in Paragraph 32 of the Settlement Agreement (Doc. No. 41-2), "Unknown Claims" means any unknown Released Claims arising out of facts found hereafter to be other than or different from the facts now believed to be true and relating to Vehicle Sales Tax to the full extent permitted by law and to the full extent of res judicata and/or claim preclusion protections.

36. As set forth in Paragraph 94 of the Settlement Agreement (Doc. No. 41-2), within 30 days after all Esurance's obligations under this Settlement Agreement are effectuated, Class Counsel and/or other attorneys for the Named Plaintiff in this Action, or any Settlement Class

Member or their counsel, shall destroy all Proprietary Information provided by Esurance to Class Counsel or anyone they employed or retained in this Action, either in discovery or in connection with this Agreement. Class Counsel shall deliver a letter to Esurance's counsel certifying their compliance with this Paragraph. Further, neither Class Counsel, nor anyone employed with, retained by, or otherwise associated with Class Counsel, nor any other attorney or Person who shall have access to this information, shall use any of this Proprietary Information in any other litigation or proceeding, current or future, or for any other purpose whatsoever.

37. The Agreement, the Settlement and this Final Judgment are not to be deemed admissions of liability or fault by Esurance, or a finding of the validity of any claims in the Action or of any wrongdoing or violation of law by Esurance. The Agreement and Settlement are not a concession by the Parties and, to the extent permitted by law, neither this Final Judgment nor the Settlement, nor any of its terms of provisions nor any of the negotiations or proceedings connected with it, shall be utilized or offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding, for any purpose including to establish any liability or admission by any of the Released Persons, except in any proceedings brought to enforce the Agreement or the Final Judgment otherwise with the written consent of Esurance at its sole discretion. Nor may this Agreement be construed in any fashion as precedent for any matter similar to the instant one, or used as evidence of any kind, by any person or entity, in any action or proceeding against the Released Parties, as this Agreement has been entered into based on the particular facts of this matter alone. However, Esurance may use the Agreement or the exhibits thereto, and the Settlement, and/or any related document, in any action that may be brought against it in order to support a defense or counterclaim based on principles of *res judicata*, collateral

estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion relating to the Released Claims set out in the Agreement.

38. Class Counsel agree that any representation, encouragement, solicitation or other assistance, including, but not limited to, referral to other counsel, of any opt-out, or any other person seeking to litigate with any of the Released Persons over any of the Released Claims, or to represent any form of opt-out class, could place Class Counsel in an untenable conflict of interest with the Class. Accordingly, Class Counsel and their respective firms agree (only to the extent that it is otherwise not violative of any applicable rules governing the practice of law) not to represent, encourage, solicit or otherwise assist, in any way whatsoever (including, but not limited to referrals to other counsel) any person seeking to litigate with any of the Released Persons over any of the Released Claims, individually or as a class, or any form of opt-out class, except that referring such person to the Notice or suggesting to any such person the option of obtaining separate counsel, without specifically identifying options for such counsel, shall be permitted.

39. The Court has also considered Plaintiff's Unopposed Motion for Attorney Fees, Costs, & Service Award. (Doc. No. 45.)

40. The Sixth Circuit has articulated the following factors to consider in analyzing the reasonableness of a requested attorney fee amount: "(1) the value of the benefit rendered to the plaintiff class; (2) the value of the services on an hourly basis; (3) whether the services were undertaken on a contingent fee basis; (4) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel involved on both sides." *Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 352 (6th Cir. 2009). *See also Gascho v. Global Fitness Holdings, LLC*, 822 F.3d 269, 280 (6th Cir. 2016).

41. Courts generally find that fees attorneys' fees ranging from 20% to 33% of the benefits conferred are reasonable. *See e.g., Shanahan v. Keybank*, 2021 WL 1034403 at * 5 (N.D. Oh. Mar. 16, 2021) (approving attorney fees of 35%); *Bechtel v. Fitness Equip. Servs., LLC*, 2022 U.S. Dist. LEXIS 180349 at *11 (S.D. Oh. Sep. 29, 2022) (approving attorney's fees in the amount of 33 1/3% of the common fund).  Here, the requested fees constituted a reasonable percentage of the benefits obtained on behalf of the Class, whether considered 14.5% of the benefits obtained (if the benefits obtained due to the change in business practice after this case was filed are included) or 15.6% of the benefits obtained.

42. The benefits made available to the Settlement Class herein are substantial, constituting nearly 100% of the of the best-case scenario damages that could have been obtained at trial. This is significantly higher than percentages courts often find fair and adequate. *See, e.g., In re Polyurethane Foam Antitrust Litig.*, 2015 WL 1632969 at * 5 (N.D. Oh. Feb. 26, 2015) ("A settlement figure that equates to roughly 18 percent of the best-case-scenario classwide overcharges is an impressive result in view of these possible trial outcomes.").

43. A "lodestar cross-check" confirms the reasonableness of the fee. The requested fee equates to a multiplier of 1.83, which is reasonable here given that Class Counsel undertook the case on a contingency basis and secured nearly 100% of the possible damages that could have been recovered at trial. *See Rawlings v. Prudential-Bache Props., Inc.*, 9 F.3d 513, 517 (6th Cir. 1993) (approving 2.0 multiplier where benefits obtained were 21% of total potential damages); *Bower v. MetLife, Inc.*, 2012 WL 12991199 at * 8 (S.D. Oh. Oct. 17, 2012) (collecting cases demonstrating that multipliers ranging from 1.75 to 5.0 are considered reasonable in class litigation).

44. In addition, as discussed above, the complexity of the instant action as well as the professional skill and standing of Class Counsel and Counsel for Esurance weigh in favor of a finding that the proposed Attorney Fee Award of $575,000 is reasonable.

45. Accordingly, the Court finds that the totality of the *Moulton* factors supports the requested award of $575,000.00 in attorneys' fees and costs.

46. The Court also finds that the proposed Service Award of $5,000.00 to Named Plaintiff Marie Romaniak is reasonable. As set forth in the Declaration of Class Counsel Jacob Phillips, Ms. Romaniak has been actively involved in the instant litigation from the beginning. (Decl. of Jacob Phillips (Doc. No. 45-1) at ¶ 21.) She assisted Class Counsel in investigating the claims, kept up with and inquired about all major developments and briefing, followed up with Class Counsel with questions and suggestions, expended a significant amount of time working with Counsel to answer interrogatories and gathered documents responsive to discovery requests, and was actively involved in the mediation process. (*Id.*)

47. Accordingly, the Court hereby **GRANTS** Plaintiff's Motion for Attorneys' Fees and Costs in the amount of $575,00 and Service Award in the amount of $5,000 for Named Plaintiff Marie Romaniak (Doc. No. 45).

48. In sum, the proposed Settlement Class meets the requirements of Fed. R. Civ. P. 23(a) and (b)(3), and the Court therefore certifies the Settlement Class as defined in the Settlement Agreement. In addition, the Court finds that the Notice in this case (including the Curative Notice) satisfies the requirements of Fed. R. Civ. P. 23 and the Due Process Clause of the United States Constitution. The Court also concludes, for all the reasons set forth above, that the Settlement Agreement (Doc. No. 41-2) is fair, reasonable, and adequate. Finally, the Court concludes that the requested attorneys' fees, costs, and service award are reasonable.

As such, it is hereby **ORDERED** and **ADJUDGED**:

For all the reasons set forth herein, Plaintiff's Unopposed Motions for Final Approval (Doc. No. 46) and for Attorney's Fees, Costs & Service Award (Doc. No. 45) are hereby **GRANTED.**

All Releasing Parties are hereby barred and enjoined from asserting any Released Claims against Defendants or its affiliates at any time. Defendants and the Released Parties are released from the Released Claims. This Court reserves continuing and exclusive jurisdiction over the Parties to this Agreement, including Defendants and Settlement Class Members, to administer, supervise, construe, and enforce this Agreement in accordance with its terms.

In accordance with Fed. R. Civ. P. 54, this Final Order and Judgment is a final and appealable order. Specifically, this Final Judgment is a final order in the Action within the meaning and for the purposes of the Federal Rules of Civil Procedure as to all claims among Esurance on the one hand, and the Named Plaintiff, Class Representative and all Settlement Class Members, on the other, and there is no just reason to delay enforcement or appeal.

Without in any way affecting the finality of this Final Judgment, this Court shall retain continuing jurisdiction over this Action for purposes of:

    A.    Enforcing this Final Judgment, the Agreement and the Settlement;

    B.    Hearing and determining any application by any Party to the Settlement for a settlement bar order; and

    C.    Any other matters related or ancillary to any of the foregoing.

The Clerk of this Court is directed to enter a judgment of dismissal with prejudice and close this case.

    **IT IS SO ORDERED**

                                                     *s/Pamela A. Barker*
                                                     PAMELA A. BARKER
                                                     UNITED STATES DISTRICT JUDGE

April 5, 2023